**In the interest of J.W. and D.S.G., minor children.**

No. 00–0554.

Supreme Court of Texas.

April 5, 2001.

### PER CURIAM.

The trial court terminated the parental rights of petitioners David and Susan Griffin in their children, and petitioners filed notices of appeal. They also filed affidavits of indigency, having been represented by appointed counsel in the trial court.[1] The District Clerk filed contests to both affidavits and argued to the court at a hearing on the contests that the affidavits did not contain all the information required by Rule 20.1(b) of the Texas Rules of Appellate Procedure. In response, petitioners, who were present at the hearing, moved to amend their affidavits or to supplement them with testimony. The court denied petitioners' motion and sustained the contests. Petitioners sought review in the court of appeals,[2] which affirmed the trial court's ruling and set a deadline for filing the record.[3] When petitioners failed to file a record, the court dismissed the appeal.

Rule 20.1(a) provides that a party who seeks to appeal without advance payment of costs must file an affidavit of indigence "in compliance with this rule". Rule 20.1(b) prescribes the contents of the affidavit as follows:

> (b) *Contents of Affidavit.* The affidavit of indigence must identify the party filing the affidavit and must state what amount of costs, if any, the party can pay. The affidavit must also contain complete information about:

> (1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

---

1. *See* TEX.FAM.CODE § 107.013.

2. *See In re Arroyo,* 988 S.W.2d 737 (Tex.1998) (per curiam).

3. 49 S.W.3d 7 (Tex.App.—Dallas, Jan. 10, 2000 order).

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

Petitioners' affidavits reflect that they both receive Social Security disability benefits together totaling $936 per month, and that Susan also earns $300 per month and receives welfare benefits of $173 per month. The affidavits state that petitioners' shared expenses for their home are $515 per month but do not mention other living expenses, such as food. Susan's affidavit states that she owes approximately $3,000. David's affidavit adds that he is indigent, owns no stocks or bonds, has no bank accounts, has no family from which he could borrow money, has no equity in his home, and cannot pay the costs of appeal or attorney fees. Susan's affidavit adds that she has no cash assets, has three dependents, and cannot pay the costs of appeal. The court of appeals stated that the cost of the clerk's record is $270, and

that petitioners had paid the $125 docketing fee and several $10 motion fees. The record reflects that the probable cost of the reporter's record is $15,000.

■ The court of appeals correctly concluded that petitioners' affidavits failed to state what amount of costs they could pay, as Rule 20.1(b) requires, and failed to contain all of the information specified by the rule, including whether they owned personal property or other assets and whether an attorney had agreed to advance the costs of appeal. The court also indicated that each affidavit should have contained information about the other spouse's income as required by Rule 20.1(b)(2) but correctly assumed that between the two affidavits that requirement had been satisfied. Because petitioners' affidavits did not fully comply with Rule 20.1(b) in other respects, the court concluded that the trial court properly sustained the clerk's contests.

■ The court of appeals does not appear to have considered whether the trial court should have granted petitioners' request at the hearing on the contests to amend their affidavits or supplement them with testimony offered at that time. Before September 1, 1997, when the filing of an affidavit of inability to pay costs was necessary to invoke the appellate court's jurisdiction, we held that "an appellant should be given an opportunity to amend … an affidavit of inability before the court of appeals may dismiss the appeal." [4] We relied in part on former Rule 437 of the Texas Rules of Civil Procedure, which stated:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate proce-

---

4. See Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (citing Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365 (1945)).

dure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities.... [5]

The successor to this rule, Rule 44.3 of the Texas Rules of Appellate Procedure, now provides similarly:

A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.[6]

Although an affidavit of indigence is no longer used to invoke appellate jurisdiction, it is no less essential to an appeal, for if a contest to the affidavit is sustained, the appellant must either pay for the appellate record to be prepared and filed or suffer dismissal of the appeal.[7] The opportunity to amend an affidavit is as important under the current rules as it was under the former rules.

The clerk does not argue that petitioners' affidavits showed that they had the ability to pay appellate costs, and the trial court did not sustain the contests on that basis. Indeed, the fact that petitioners were both receiving public assistance was a prima facie showing that they were entitled to appeal as indigents.[8] The clerk argued only that petitioners' affidavits were incomplete, and the trial court based its ruling on that ground, denying petitioners' motion to amend. This was contrary to Rule 44.3, and the court of appeals should have directed the trial court to allow petitioners a reasonable opportunity to amend their affidavits and to reconsider the contests based upon any additional

information. Because it failed to do so, the Court, without hearing oral argument, reverses the court of appeals' judgment dismissing the appeal and remands the case to that court for further proceedings consistent with this opinion.[9]

---

5. *See Cocke v. Birr,* 142 Tex. 432, 179 S.W.2d 958, 961 (1944).

6. Tex.R.App.P. 44.3.

7. Tex.R.App.P. 37.3(b).

8. *Griffin Indus., Inc. v. Thirteenth Court of Appeals,* 934 S.W.2d 349, 351 (Tex.1996); *Goffney v. Lowry,* 554 S.W.2d 157, 159–160 (Tex.1977).

