In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-335 CV


____________________



In the Interest of A.S., A.E.S., and K.M.C.







On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 99-11-06734-CV






OPINION


 Marvin Crisp appeals the termination of his parental rights to his minor children,
A.S., A.E.S., and K.M.C. The trial court appointed counsel to represent Crisp on appeal,
then sustained the clerk's and the court reporter's contest to the appellant's affidavit of
indigence. The sole issue presented on appeal is whether the trial court's ruling on the
indigent status of Appellant should be overturned due to his failure to attend the hearing
on his indigent status.

 A court-appointed attorney represented Crisp at trial. Crisp's affidavit of indigence
states that he receives no income from wages, receives no public assistance, and has no
monthly expenses. Crisp did not appear at the indigence hearing. His attorney was
present, and informed the court that he had called Crisp's last known residence, the home
of a pastor and his wife, and had been told that Crisp had left the preceding weekend and
was unlikely to return. Counsel had checked the jail, but the appellant was not there. 
Counsel for the Texas Department of Protective and Regulatory Services advised the court
that Crisp had "gotten in trouble again," for stealing his friends' car and credit cards. 

 On appeal, Crisp complains that he did not have notice of the hearing on the
contest. His attorney did have notice, however, and appeared at the hearing. Service of
notice on a party is accomplished by serving his lead counsel. Tex. R. App. P. 9.5(b). 
Counsel admitted at the hearing that he had received notice of the contest. The rule
regarding notice of the hearing was complied with in this case. Tex. R. App. P. 20.1(i)(1). 
 In support of his argument that Rule 20.1 is unconstitutional as applied to him,
Crisp relies upon M.L.B. v. S.L.J., 519 U.S. 102, 136 L.Ed.2d 473, 117 S.Ct. 555
(1996). In M.L.B., the state court held that the right to proceed in forma pauperis existed
in civil cases only at the trial level, not on appeal. The United States Supreme Court held
that a state providing a right to appeal a termination decree could not withhold the right
to a record from a person who could not afford to pay for it. Id. In stark contrast to the
situation present in M.L.B., the State of Texas does provide for civil appeals free of cost
to indigent persons. See Tex. R. App. P. 20.1. Rule 20.1 sets forth a detailed procedure
for obtaining indigent status. In order to obtain a free appellate record, the appellant must
declare his indigence in an affidavit filed with or before his notice of appeal. Tex. R. App.
P. 20.1(c)(1). If a contest is filed, he must prove the allegations in the affidavit of
indigence at a hearing. Tex. R. App. P. 20.1(g). 

 Crisp argues that the Rule is unconstitutional as applied to him because he was not
aware that the contest had been filed. Crisp was present at the trial, and represented by
counsel both at trial and on appeal. Notice was provided to him in the customary manner. 
His lawyer appeared at the hearing. There is no indication of misconduct by the opposing
party or of any official mistake by court personnel. Crisp was not in State custody at the
time of the hearing. According to a motion for rehearing filed in the Court of Appeals on
January 10, 2002, Crisp did not contact his attorney until November 27, 2001, four months
after the hearing. The motion is not supported by an affidavit from Crisp, but its
unsupported allegations claim that Crisp moved without leaving a forwarding address and
did not call his attorney because he lost the telephone number. 

 The State cannot deprive a party of a meaningful appeal merely because of the
person's poverty. Crisp was not denied a free record because he could not afford to pay
for it; he was denied a free record because his inability to pay was not established in the
manner required by law. 

 If a defective affidavit of indigence is challenged at the hearing and the appellant
seeks leave to amend the affidavit to comply with the rules, it is error to deny leave to
amend. In the Interest of J.W., 52 S.W.3d 730 (Tex. 2001). The appropriate action in
J.W. was to abate the appeal and to direct the trial court to reconsider the contest. Id. at
733. In that case, however, the appellants appeared and established their indigence at the
hearing, and only a technical defect in their affidavits precluded them from obtaining
indigent status. Id. at 731. Here, Crisp failed to personally appear at the hearing, and that
failure was attributable only to his failure to provide a means of communication with his
lawyer. (1) 

 We conclude that the appellant, Marvin Crisp, has not been deprived of due process
or equal protection of the law. See U.S. Const. amend XIV. The trial court did not err
by sustaining the contest to the affidavit of indigence. The issue is overruled. As no other
challenge to the judgment has been raised in this appeal, the judgment is affirmed.

 AFFIRMED.

 

 PER CURIAM



Submitted on October 4, 2002

Opinion Delivered October 10, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. We note that, were the doctrine to be applied to indigence hearings, Crisp would
not be entitled to relief under Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d
124 (1939) (requiring: 1) that the defendant's failure to appear not be intentional; 2) the
defendant to establish a meritorious defense; and 3) the filing of the motion for new trial
be at a time when the granting thereof will not be injurious to the plaintiff).