IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00162-CV

 

In the
Interest of K.G.M. and W.F.M., Children

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 03-00-12094-CV

 



O p i n i o n[1]










 

      Appellant appeals the termination of the
parent-child relationship between Appellant and two of her children,
K. G. M. and W. F. M.  In two issues, Appellant contends
that the evidence that she knowingly placed or knowingly allowed the children
to remain in conditions or surroundings, or engaged in conduct or knowingly
placed the children with persons who engaged in conduct, that endangered their
well-being, and that termination was in the children’s best interest, was
legally and factually insufficient.  See Tex. Fam. Code Ann. § 161.001 (Vernon 2002).  Trial was
before a jury, which made its findings by the concurrence of eleven members. 
Applying the standard of review for the legal sufficiency of the evidence
established by the Texas Supreme Court in In the Interest of J.F.C., we
have determined that the evidence is legally sufficient.  See In re J.F.C., 96
S.W.3d 256 (Tex. 2002).  Likewise, applying the standard of review for the
factual sufficiency of the evidence established by the Texas Supreme Court in In
the Interest of C.H., we have determined that the evidence was factually
sufficient.  See In re C.H., 89 S.W.3d 17 (Tex. 2002).  We affirm.  

I.    K. G. M. 
In Appellant’s first issue, she
contends that the evidence was insufficient as to K. G. M.  We will
overrule Appellant’s issue.

I.    A.   Endangerment. 
Appellant argues that there was no evidence that she endangered
K. G. M.  Appellee, the Department of Family and Protective Services,
points primarily to the following evidence.  Appellant had used heroin,
cocaine, methamphetamines, and marijuana from the age of twelve until the time
of trial.  Appellant had not been able to complete the drug rehabilitation
programs in which she had participated, including the one she had been in
immediately before her felony community supervision was last revoked.  Appellant
used drugs to the degree that Appellant was not able to care for
K. G. M.  At the time of trial, Appellant was in prison for
burglary.  She had previously served two years for robbery.

I.    A.   1.   Legal Sufficiency.  We have viewed this evidence in the light
most favorable to the jury’s finding.  Pursuant to J.F.C., we have
assumed that the factfinder resolved disputed facts in favor of the finding if
a reasonable factfinder could have so resolved the facts.  Under this standard
of review we have determined that the jury could reasonably have formed a firm
belief or conviction that Appellant endangered K. G. M.  See Tex. Fam. Code Ann. § 101.007
(Vernon 2002), § 161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266.

I.    A.   2.   Factual Sufficiency.  Pursuant to C.H. and J.F.C., we
have not assumed that the factfinder resolved disputed facts in favor of the
finding, but have given due consideration to evidence that the jury could
reasonably have found to be clear and convincing.  Under this standard of
review we have determined that the jury could reasonably have formed a firm
belief or conviction that Appellant endangered K. G. M.  See Tex. Fam. Code Ann. §§ 101.007,
161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266-67; C.H., 89
S.W.3d at 25.

I.    B.   Best Interest. 
Appellant argues that there was no evidence that termination was in
K. G. M.’s best interest, except that Appellant concedes that her
“drug and criminal history mitigate in favor of termination,” and that her
“incarceration has led to instability.”  Appellee points, too, primarily to the
following evidence.  Appellant had contacted K. G. M. only seven
times in the seventeen months before trial.  Appellant had no relatives who
were willing or able to take K. G. M.  K. G. M. was
adoptable.

I.    B.   1.   Legal Sufficiency.  

      We have viewed this evidence in the light
most favorable to the jury’s finding.  Pursuant to J.F.C., we have
assumed that the factfinder resolved disputed facts in favor of the finding if
a reasonable factfinder could have so resolved the facts.  Under this standard
of review we have determined that the jury could reasonably have formed a firm
belief or conviction that termination of the parent-child relationship between
Appellant and K. G. M. was in K. G. M.’s best interest.  See
Tex. Fam. Code Ann. §§ 101.007,
161.001(2); J.F.C., 96 S.W.3d at 266; Holley v. Adams, 544 S.W.2d
367, 371-73 (Tex. 1976).

I.    B.   2.   Factual Sufficiency.  Pursuant to C.H. and J.F.C.,
we have not assumed that the factfinder resolved disputed facts in favor of
the finding, but have given due consideration to evidence that the jury could
reasonably have found to be clear and convincing.  Under this standard of
review, we have determined that the jury could reasonably have formed a firm
belief or conviction that termination of the parent-child relationship between
Appellant and K. G. M. was in K. G. M.’s best interest.  See
Tex. Fam. Code Ann.
§§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266-67; C.H.,
89 S.W.3d at 25; Holley, 544 S.W.2d at 371-73.

      Accordingly, we overrule Appellant’s first
issue.

II.   W. F. M.  In Appellant’s second issue, she contends that
the evidence was insufficient as to W. F. M.  We will overrule
Appellant’s issue.

II.   A.   Endangerment. 
Appellant argues that there was no evidence that she endangered
W. F. M.  Appellee, the Department of Family and Protective Services,
points primarily to the following evidence.  Appellant had used heroin,
cocaine, methamphetamines, and marijuana from the age of twelve until the time
of trial.  Appellant knew that she should not use drugs while pregnant, but
could not help it.  Appellant used cocaine and marijuana while pregnant with
W. F. M. and one of her other children, not the subject of the suit,
so that W. F. M. had cocaine and marijuana in his body at birth.  W.
F. M. had medical problems, including breathing problems, as a result of
Appellant’s drug use during pregnancy.  Appellant continued to smoke, although
smoking was harmful to W. F. M.’s health.  

II.   A.   1.   Legal Sufficiency.  We have viewed this evidence in the light most
favorable to the jury’s finding.  Pursuant to J.F.C., we have assumed
that the factfinder resolved disputed facts in favor of the finding if a
reasonable factfinder could have so resolved the facts.  Under this standard of
review we have determined that the jury could reasonably have formed a firm
belief or conviction that Appellant endangered W. F. M.  See Tex. Fam. Code Ann. §§ 101.007,
161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266.

II.   A.   2.   Factual Sufficiency.  Pursuant to C.H. and J.F.C., we
have not assumed that the factfinder resolved disputed facts in favor of the
finding, but have given due consideration to evidence that the jury could
reasonably have found to be clear and convincing.  Under this standard of
review we have determined that the jury could reasonably have formed a firm
belief or conviction that Appellant endangered W. F. M.  See Tex. Fam. Code Ann. §§ 101.007,
161.001(1)(D)-(E); J.F.C., 96 S.W.3d at 266-67; C.H., 89
S.W.3d at 25.

II.   B.   Best Interest. 
Appellant argues that there was no evidence that termination was in
W. F. M.’s best interest, except that Appellant concedes that her
drug use during pregnancy “may be considered conduct which endangers the
well-being of the child,” that her “drug and criminal history mitigate in favor
of termination,” and that her “incarceration has led to instability.”  Appellee
points, too, primarily to the following evidence.  Appellant had contacted
W. F. M. only seven times in the seventeen months before trial. 
Appellant had no relatives who were willing or able to take W. F. M. 
W. F. M. was adoptable.

II.   B.   1.   Legal Sufficiency.      We have viewed this
evidence in the light most favorable to the jury’s finding.  Pursuant to J.F.C.,
we have assumed that the factfinder resolved disputed facts in favor of the
finding if a reasonable factfinder could have so resolved the facts.  Under
this standard of review we have determined that the jury could reasonably have
formed a firm belief or conviction that termination of the parent-child
relationship between Appellant and W. F. M. was in
W. F. M.’s best interest.  See Tex. Fam. Code Ann. §§ 101.007, 161.001(2); J.F.C., 96
S.W.3d at 266; Holley, 544 S.W.2d at 371-73.

II.   B.   2.   Factual Sufficiency.  Pursuant to C.H. and J.F.C.,
we have not assumed that the factfinder resolved disputed facts in favor of
the finding, but have given due consideration to evidence that the jury could
reasonably have found to be clear and convincing.  Under this standard of
review, we have determined that the jury could reasonably have formed a firm
belief or conviction that termination of the parent-child relationship between
Appellant and W. F. M. was in W. F. M.’s best interest.  See
Tex. Fam. Code Ann.
§§ 101.007, 161.001(2); J.F.C., 96 S.W.3d at 266-67; C.H.,
89 S.W.3d at 25; Holley, 544 S.W.2d at 371-73.

      Accordingly, we overrule Appellant’s
second issue.

      Having overruled Appellant’s issues, we
affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring)

Affirmed

Opinion
delivered and filed July 27, 2005

[CV06]









[1]
There is an apparent conflict in Texas
Rule of Appellate Procedure 47.4.  See Tex.
R. App. P. 47.4.  Because the author of the Concurring Opinion has
opposed the designation of this memorandum opinion as a memorandum opinion, it
must be designated as an opinion. “An opinion may not be designated a
memorandum opinion if the author of a concurrence or dissent opposes that
designation.”  Id.  The same rule, however, limits what opinions
can be designated non-memorandum opinions:

        An opinion must be
designated a memorandum opinion unless it does any of the following:

             (a)       establishes
a new rule of law, alters or modifies an existing rule, or applies an existing
rule to a novel fact situation likely to recur in future cases;

             (b)       involves
issues of constitutional law or other legal issues important to the
jurisprudence of Texas;

             (c)       criticizes
existing law; or

         (d)  resolves an
apparent conflict of authority.

Id.  This Opinion does not do any of those things,
and thus “must” be designated a memorandum opinion.  Id.  We have,
nevertheless, designated it as an opinion because the sentence of the rule
regarding the opposition by the author of a concurrence or dissent is more
specific, and less subject to interpretation, than the latter portion of the
rule.  See id.

 








gin-bottom:0in;margin-left:.5in;margin-bottom:.0001pt;text-align:center'>DISTRICT CLERK’S MOTION TO
CONTEST

APPELLANT’S AFFIDAVIT OF
INDIGENCE

 

To the Honorable Judges of the
Tenth Court of Appeals:

 

            Now Comes Karen C.
Matkin, District Clerk, of McLennan County, Texas, Movant and files this Motion
Contesting the Affidavit of Indigence filed by the Appellant in this cause,
Michael Don Watkins and $1,937.00, and requests that this Honorable Court
assess the costs due to the District Clerk of McLennan County for the record
and would show the Court as follows:

 

1.         Notice of Appeal was
given in the above matter on December 18, 2006.  On February 20, 2007 the
Appellant filed with the Tenth Court of Appeals an affidavit of indigence
requesting a free record.  Notice was given to the District Clerk’s Office of
an affidavit of indigence by letter dated February 27, 2007.

 

2.         The District Clerk
estimates that the cost of the record is $50.00.

 

3.         Movant requests that
the Court disallow Appellant’s affidavit of indigence for the following
reasons:

 

            a.         Appellant
is not a Pauper and does not qualify under Tex. R. App. P. 20.1. for a free
record.  There are sufficient funds, assets or income available to Appellant to
pay the costs of suit.

 

            b.         Under the
provisions of Tex. R. App. P. 20.1.(c)(1) an Appellant is required to file the
affidavit of indigence at or before the filing of the notice of appeal in the
trial court.  Appellant failed to timely file the affidavit and filed the
affidavit in an inappropriate location.

 

4.         Movant asks the Court
to assess costs against the Appellant and set forth a time by which the same
must be paid or the appeal will be dismissed based on the record before it or
in the alternative to set this matter for a hearing.

 

            Wherefore Premises
Considered, Karen C. Matkin asks the Court to deny the affidavit of indigence
based on the record before it or to set this matter for hearing and to assess
costs against the Appellant and set forth a time by which the same must be paid
or the appeal will be dismissed and for such other and further relief to which
she may be entitled under law.

 

                                                                        Respectfully
submitted,

 

                                                                        MCLENNAN
COUNTY DISTRICT                                                                        CLERK

 

                                                                        Karen
C. Matkin                               

                                                                        Karen
C. Matkin, District Clerk

                                                                        PO Box 2451

                                                                        Waco, Texas 76703-2451

                                                                        254-757-5057

 

Certificate of Service

 

I certify that on March 12, 2007
a true and correct copy of the District Clerk’s Motion to Contest Appellant’s
Affidavit of Indigence was served by certified mail to Michael Don Watkins PO
Box 1010, Bastrop, Tx., 78602-1010 and by hand delivery to John W. Segrest, 219
N. 6th Street, Waco, Tx., 76701.

 

                                                                        Karen
C. Matkin                               

 

            When I received the proposed order to
sustain the contest to indigency, i.e., deny Watkins’s indigent status,
I asked the basis upon which the Court was making this determination, and asked
to see the proposed order again.  I also noted my reason for questioning the
recommendation as follows:

The only evidence on the issue is the affidavit of
indigence filed by the appellant.  Because we must accept the affidavit as
evidence on the merits because the party filing it is incarcerated, see
TRAP 20.1(g), I would overrule the contest and allow affiant to proceed without
the advance payment of costs.  TRAP 20.1(h)(2).

 

In response, I received the following question: 
“Is the below [explanation that you provided] what you want on the letter
order?”  To this question, I responded:  “What I want is an answer to my
question.  What I wrote below is why I have the question.  I am hoping you will
point out something I have overlooked so I can join your recommendation.”  In
response I received the following:

That is not coming.  Neither Felipe nor I have to
explain or justify our votes to you.  Furthermore, I do not want to see any
response I might make in a concurring or dissenting opinion.  You are as
capable as I (maybe more) of evaluating the merits of this motion.

 

Accordingly, I proceeded with my independent analysis
of the merits of the motion as set out below.  However, after I prepared my
independent analysis, the “Order on Indigency Contest” was received.  As can be
seen from the order, a partial explanation for the order’s holding which denies
only in part Watkins’s status as indigent is provided.  The independent
analysis I had been compelled to perform already addressed this issue; thus, I
have provided my entire analysis because it also addresses other potential
issues of interest.

Possibly Late

            In my attempt to determine why the
majority has sustained the contest, one consideration was that the affidavit of
indigence was not considered because the majority determined that it was filed
late.  I note that this could be a possible ruling based upon the majority’s
recent holding in Brewer.   Brewer v. Simental, No.
10-07-00094-CV, 2007 Tex. App. LEXIS 4144 (Tex. App.—Waco May 23, 2007 order). 
In that proceeding, the majority determined that the appellant’s deadline
within which the affidavit of indigence must be filed to avoid having the
matter referred to the Court for a dismissal due to nonpayment was by the date
upon which the clerk required action.  As I understand the majority’s holding
in that case, if the affidavit is not received by the date specified in the
notice from the clerk within which the appellant must pay for the filing fee,
the appeal can be dismissed.  To that holding, I dissented.  Id. (Gray,
C.J., dissenting).  

            Nevertheless, if that is the basis for
the majority’s ruling in this appeal, I note that there is a disparity between
the January 29 letter to Watkins and the January 30 letter to Watkins, both
from the clerk.  In the January 29 letter, Watkins had 21 days after the date
of the letter within which to respond to the failure to pay the clerk’s fee. 
But in the January 30 letter, Watkins was given only 10 days from the date of
the letter to respond to the late payment of the filing fee in this Court
before the matter would be presented to the Court for dismissal of the appeal. 
Thus, if the sustaining of the indigency contest is because the indigent’s
affidavit was not timely filed, I would disagree with that determination as
well.  

            The affidavit of indigency was filed
on February 20, 2007, the date that it was received.  Nevertheless, it bears a
posting date of February 16, 2007.  Thus, under our January 29, 2007
correspondence in which Watkins was given 21 days to respond, the affidavit was
timely filed.  I note that filing by mail is timely if the document is received
within 10 days after the deadline if certain conditions are met.  See Tex. R. App. P. 9.2(b)(1).  It appears
that the requirements of this rule were met in this case.  Further, I do not
believe that we can deny Watkins’s access to the courts just because his
indigence affidavit was not received by the deadline set by the clerk if it is
actually received before the appeal is dismissed and it would not otherwise
prejudice the Appellee.  Brewer, 2007 Tex. App. LEXIS at *1-2 (Gray,
C.J., dissenting).

Merits of the Motion

            Indigent persons have a right of
access to utilize our court system.  See Griffin Indus. v. Honorable
Thirteenth Court of Appeals, 934 S.W.2d 349, 353 (Tex. 1996) (“Our state
Constitution and our rules of procedure recognize that our courts must be open
to all with legitimate disputes, not just those who can afford to pay the fees
to get in.”).  If a person establishes that they are indigent, absent
extraordinary circumstances such as being determined to be a vexatious
litigant, they may establish their indigence and can proceed without the
advance payment of costs.  Tex. R. App.
P. 20.1(a).  If it is clear that the person is attempting to proceed as
an indigent on appeal, that determination is made pursuant to Rule 20 of the
Rules of Appellate Procedure.  Specifically, Rule 20.1(a) provides the
procedure for establishing indigence in civil cases.  I note that the affidavit
of indigence filed by Watkins was not timely filed according to Rule 20.1(c). 
But the Texas Supreme Court has reminded us that we cannot deprive a litigant
of review just because the non-jurisdictional affidavit of indigence was not
timely filed.  Higgins v. Randall County Sheriff’s Office, 193 S.W.3d
898, 899-300 (Tex. 2006); see also Hood v. Wal-Mart Stores, Inc.,
216 S.W.3d 829 (Tex. 2007).  Further, I note that the affidavit of indigence
filed by Watkins does not contain every item of information required pursuant
to Rule 20.1(b).  Generally, this Court has not required rigorous exactness to
the requirements of the rules regarding indigency determinations.  See In
re Long, 211 S.W.3d 481 (Tex. App.—Waco 2007, dissent to order); In re Taylor, 205 S.W.3d 739 (Tex. App.—Waco 2006, dissent to order).  What is required is
sufficient evidence to support the determination that the affiant is currently
unable to make payment for the filing fee, court cost, and other fees in
connection with pursuing a proceeding in the courts of Texas.  Further, I note
if there is a deficiency in the form of the affidavit, we would be required to
give Watkins notice of the defect and allow “a reasonable time to correct or
amend the defects or irregularities.”  Higgins, 193 S.W.3d at 899; In
re J.W., 52 S.W.3d 730, 732-733 (Tex. 2001.); Tex. R. App. P. 44.3.  We have not notified Watkins of a
defect in the procedure, if any, including the form, of determining his
indigence.

            Likewise, if the affidavit of
indigency is considered to be a non-conforming document because it does not
comply with the specifications of the rule regarding an indigence affidavit,
“the court must identify the error to be corrected and state a deadline for the
party to resubmit the document in a conforming format.”  Tex. R. App. P. 9.4(i).  We have not
notified Watkins that his affidavit of indigency was a non-conforming
document.  Therefore, we cannot rely upon the omissions from the affidavit of
indigency to rule on the district clerk’s contest to Watkins’s assertion that
he is indigent.

            Further, I note that the district
clerk’s contest of Watkins’s affidavit of indigence does not constitute any
evidence that Watkins is, in fact, not indigent.[2]  It
is simply a contest of his indigence filed pursuant to the rule.  See
Griffin Indus. v. Honorable Thirteenth Court of Appeals, 934 S.W.2d 349,
352 (Tex. 1996) (“To overcome a prima facie showing, an opposing party must
offer evidence to rebut what has been established.”).  Essentially, this
contest is nothing more than a general denial, without any evidentiary value,
which joins issue on Watkins’s assertion that he is indigent.  The affidavit of
indigence filed by Watkins, however, is evidence which “must be considered as
evidence and is sufficient to meet the indigent party’s burden to present
evidence without the indigent party’s attending the hearing” because the
indigent party was incarcerated at the time the contest to the indigence status
was determined.  Tex. R. App. P.
20.1(g).  

            Thus, the only evidence in this record
of whether or not Watkins is indigent is his affidavit which we must now examine
in detail.

 

Watkins’s Affidavit of
Indigence

            The entire affidavit as previously set
forth contains nothing to indicate that at the time the payment for costs is
due that Watkins has any disposable asset or access to sufficient funds to pay
for the clerk’s record, even though it is only approximated at $50.00.  I note
that the affidavit indicates that Watkins received from Unicor Industries
$2,500.00 a year.  If we were giving Watkins one year in which to make the
payment for the clerk’s record, I would not be adverse to determining he was
not indigent for purposes of paying the clerk’s fee.  But without more
information regarding when this money is received, the increments in which it
is received, and the encumbrances upon these proceeds, or other expenses which
must be paid from these proceeds when received, this meager and vague statement,
given the other clear and unequivocal statements in the affidavit of having no
disposable assets, does not support the determination that Watkins is presently
able to pay the fees and expenses in connection with this appeal, including
payment for the clerk’s record.  

            Further, once Watkins has established
a prima facie case of his indigence, a position accepted by the majority as
evidenced by the waiver of the fees due at this Court, the burden shifts to the
party opposing indigency to show why, how, or when the indigent party could pay
fees and cost.  See Griffin Indus. v. Honorable Thirteenth Court of Appeals,
934 S.W.2d 349, 352 (Tex. 1996).  The contestant in this proceeding, the
district clerk, did not present any evidence in response to Watkins’s prima
facie showing of indigence.

            Accordingly, based upon the foregoing
analysis, I have been unable to determine any reason why the district clerk’s
contest to Watkins’s indigent status should be sustained.  Therefore, I would
overrule the contest to Watkins’s indigent status and order this proceeding to
proceed without Watkins’s advance payment of costs.  Obviously, if Watkins is
successful in this appeal, he would not be responsible for the costs which
would be assessed against the State in a final judgment.

Reporter’s Record

            One anomaly that I will briefly
mention about this proceeding is revealed by the reporter’s record.  The
reporter did not contest Watkins’s indigent status and filed a reporter’s
record.  The unpaid fee for that record is $52.00.  The reporter’s record of
the hearing indicates that forfeiture is not for $1,937.00 as indicated by the
style of the case, but instead is for $1,837.00.  The difference is explained
as being one $50.00 counterfeit bill included in the currency that was
forfeited and an error in the amendment to the forfeiture petition of $50.00. 
I note that this $50.00 error may accrue to Watkins’s benefit, but he does not
have present access to the $50.00 and, therefore, still would be unable to
utilize it for the advance payment of costs.

The Majority’s Reason[3]

            The majority gives absolutely no
reason or basis for their determination.  In fact, as previously indicated,
when I inquired about their reasoning, Justice Vance provided the following
response:

That [explanation of the basis for sustaining the
contest] is not coming.  Neither Felipe nor I have to explain or justify our
votes to you.  Furthermore, I do not want to see any response I might make in a
concurring or dissenting opinion.  You are as capable as I (maybe more) of
evaluating the merits of this motion.

 

Accordingly, I have no way of knowing, nor does
the reader, why a majority of this Court has sustained the district clerk’s
contest to Watkins’s assertion that he is indigent.

            I had hoped that by obtaining the
explanation we could come together on a reason to sustain or overrule the
contest.  But without the majority providing a reason for their ruling, I am
unable to determine whether I agree with it or not.  

            I thought one of the primary reasons
for an appellate court having published decisions on issues that are likely to
repeat, like this one, was for the express purpose of according all litigants
equal treatment.  Only by knowing the reason for the decision is a subsequent
litigant able to bring himself within the protections, or avoid the pitfalls,
of previous holdings regarding similarly situated litigants.  There is no way
for Watkins to compare the result of this proceeding with other proceedings in
which we have allowed the individual to proceed without the advance payment of
costs.  Watkins, as I am, is left to guess at the reasoning supporting the
majority’s determination of his status as not being indigent.

            This is not the first case in which
Justice Vance has refused to provide a reason for his decision.  Personally, I
can think of no reason that a justice would be offended by having the reasons
given for their ruling included in a concurring or dissenting opinion unless
the reason being given would indicate that the ruling was based upon improper
or unlawful reasons.  In other words, if the judge or justice can provide a
proper reason for the result, they should not be offended by its inclusion and
discussion in a concurring or dissenting opinion.  On the other hand, if the
result or ruling is motivated by improper, irrational, or unlawful reasons, the
judge or justice would have every incentive to not disclose the reason.

            This should have been a fairly simple
ruling by this Court.  Nevertheless, it was passed back and forth between
Justice Vance and me several times and ultimately resulted in my having to
independently evaluate everything in connection with this determination.  If I
had been provided the reason for the majority’s conclusion, I could have
focused my research and response on the stated reason.  Thus, by not stating
the reason, and requiring me to conduct my own independent and complete review
of the motion without guidance or direction, one justice has forced another
justice to utilize an inordinate amount of resources to obtain a ruling on this
one issue.  I do not have this luxury with regard to every motion that crosses
my desk.  A cooperative spirit is required even if the justices disagree on the
result.  But to have one or more justices that refuse to engage in the process
of coming to a decision by not explaining the basis for their decision should
not be tolerated.  However, I am powerless to do anything other than highlight
the problem so that the bench, the bar, the parties, the higher courts, and the
public at large are generally apprised of the situation.

Conclusion

            Because I have been unable to find any
basis to sustain the contest to Watkins’s assertion that he is indigent, and
based upon the only evidence in the record regarding that status, I would hold
that the district clerk’s contest to Watkins’s indigency is overruled,
determine that Watkins is indigent, and therefore is not required to pay the
costs of proceeding in advance.  Therefore, I would order the district clerk to
provide the clerk’s record to this Court without the advance payment of costs.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed May 30, 2007

Publish









[1]
The difference between this amount and the
amount in the style of the case will be explained later in this opinion.





[2]
 It is outside the record and not relied
upon by me, but Watkins also made this same observation in the “Motion to
Dismiss District Clerk’s Motion to Contest Appellant’s Indigence” that Watkins
filed with the district clerk on March 22, 2007.





[3]
As the reader will understand from the prior
recitation of why I had to do an independent analysis, this was prepared before
the current form of the order was prepared.