for production. *See* TEX.R. CIV. P. 193.2(a); 196.2(a). Although the time limit for objecting to written discovery is 30 days from the date of service, no objection needs to be made to preserve a privilege and the rules set no time-limit for asserting a privilege. *See* TEX.R. CIV. P. 193.2(f); 193.3. Thus, there is no basis for concluding that the withholding statement and Relator's assertion of privilege was untimely. Even if we were to agree that the 30–day deadline were applicable to assertions of privilege, the withholding statement would still be timely because it was filed within that time period.

We can appreciate that much confusion was caused by the general objection made in Relator's response to Plaintiff's request for production. The rules specifically instruct counsel not to object to written discovery based on privileges. *See* TEX.R. CIV. P. 193.2(a); *In re Univ. of Tex. Health Ctr.*, 33 S.W.3d 822, 826 (Tex.2000) (orig.proceeding); *In re Anderson*, 163 S.W.3d 136, 140 (Tex.App.-San Antonio 2005, orig. proceeding); *In re Monsanto Co.*, 998 S.W.2d 917, 924 (Tex.App.-Waco 1999, orig. proceeding). Nevertheless, counsel for Relator made such an objection. Although the objection was inappropriate, the rules specify that an objection to written discovery based on privilege will not waive a privilege, as long as the party complies with rule 193.3(a). *See* TEX.R. CIV. P. 193.2(a); 193.3(a); *In re Univ. of Tex. Health Ctr.*, 33 S.W.3d at 826. We have already concluded that Relator followed rule 193.3(a). *See* TEX.R. CIV. P. 193.3(a). Accordingly, the trial court's ruling that Relator waived all privileges was an error of law and, as such, amounted to an abuse of discretion. *See In re DuPont de Nemours & Co.*, 136 S.W.3d at 223.

We note that Plaintiff also raises an additional waiver argument. She points out that Relator's withholding statement only asserted the attorney-client privilege and that Relator's privilege log asserted additional privileges, including the work-product privilege. According to Plaintiff, Relator waived all privileges other than the attorney-client privilege by failing to assert them in its withholding statement.

It would be inappropriate for this Court to address Plaintiff's argument. The issue before us is not whether Relator waived some, but not all, privileges by failing to specify them in its withholding statement. The issue is whether Respondent erred by ruling that *all* privileges have been waived. We have concluded that Relator did not waive all privileges. Based on this conclusion, we have held that Respondent's order of June 29th was an abuse of discretion. We have thus decided the only issue presented by this original proceeding.

### III. Conclusion

Respondent is ordered to vacate her order of June 29, 2005. A writ of mandamus will issue if Respondent refuses to comply with this Court's instructions.

**Ex parte F.F.A.**

**No. 10–05–00254–CV.**

Court of Appeals of Texas, Waco.

Sept. 21, 2005.

F.F.A., Tennessee Colony, pro se.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

F.F.A. appeals an order dismissing "as frivolous or malicious" his petition for expunction under Chapter 55 of the Code of Criminal Procedure.[1] When F.F.A. filed his notice of appeal, he simultaneously filed a "Motion and Affidavit In Forma Pauperis." He has since filed a motion for permission to appeal with this Court, alleging that he "was found not indigent" by the trial court.

In response to this latter motion, the Clerk of this Court directed the district clerk to file a limited record to determine whether F.F.A. is entitled to proceed without advance payment of costs.[2] See In re Arroyo, 988 S.W.2d 737, 739 (Tex.1998) (per curiam); see also Tex.R.App. P. 20.1, 34.5(c)(1). The district clerk has complied with this directive.

The record reflects that F.F.A. timely filed an indigence affidavit which does not comply with the requirements of Rule 20.1(b). See Tex.R.App. P. 20.1(b). However, no contest was filed, and the record does not contain an order finding F.F.A. "not indigent."

An indigent party may proceed on appeal "without advance payment of costs if . . . the party files an affidavit of indigence in compliance with this rule." Id. 20.1(a)(1). However, F.F.A.'s affidavit does not comply with Rule 20.1(b) because it does not provide the information required by this rule. See In re J.W., 52 S.W.3d 730, 732 (Tex.2001) (per curiam); Thomas v. Olympus/Nelson Prop. Mgt., 97 S.W.3d 350, 352–53 (Tex.App.-Houston [14th Dist.] 2003, order) (per curiam); Holt v. F.F. Enters., 990 S.W.2d 756, 758–59 (Tex.App.-Amarillo 1998, order). Thus, it does not appear that F.F.A. is entitled to prosecute his appeal without advance payment of costs at this time.

However, before we require payment of applicable filing fees under penalty of dismissal, F.F.A. should be given a reasonable opportunity to cure his defective affidavit. See Tex.R.App. P. 44.3; J.W., 52 S.W.3d at 733.

Therefore, it is ORDERED that F.F.A. shall within twenty-one (21) days after the date of this Order: (1) file an amended indigence affidavit with the district clerk that complies with the requirements of Rule 20.1(b); and (2) notify the Clerk of this Court in writing that he has done so. If F.F.A. fails to comply, then he will not be permitted to prosecute his appeal without advance payment of costs.

---

1. This expunction appeal is styled "Ex parte F.F.A." in accordance with this Court's local rules. See 10th Tex.App. (Waco) Loc. R. 19(a).

2. The Clerk's letter directed the district clerk "to file a limited clerk's record containing: (1) any handwritten docket notations by the trial court; (2) the order being appealed; (3) any indigence affidavits filed by appellant; (4) any indigence contests filed by the clerk, the court reporter, or any party; (5) any indigence orders signed by the trial court; and (6) the notice of appeal."