173 S.W.3d 605 (2005)
Ex parte F.F.A.
No. 10-05-00254-CV.
Court of Appeals of Texas, Waco.
September 21, 2005.
F.F.A., Tennessee Colony, pro se.
*606 Bill R. Turner, Brazos County Dist. Atty., Bryan, for Appellee/Respondent.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

ORDER
PER CURIAM.
F.F.A. appeals an order dismissing "as frivolous or malicious" his petition for expunction under Chapter 55 of the Code of Criminal Procedure.[1] When F.F.A. filed his notice of appeal, he simultaneously filed a "Motion and Affidavit In Forma Pauperis." He has since filed a motion for permission to appeal with this Court, alleging that he "was found not indigent" by the trial court.
In response to this latter motion, the Clerk of this Court directed the district clerk to file a limited record to determine whether F.F.A. is entitled to proceed without advance payment of costs.[2]See In re Arroyo, 988 S.W.2d 737, 739 (Tex.1998) (per curiam); see also TEX.R.APP. P. 20.1, 34.5(c)(1). The district clerk has complied with this directive.
The record reflects that F.F.A. timely filed an indigence affidavit which does not comply with the requirements of Rule 20.1(b). See TEX.R.APP. P. 20.1(b). However, no contest was filed, and the record does not contain an order finding F.F.A. "not indigent."
An indigent party may proceed on appeal "without advance payment of costs if... the party files an affidavit of indigence in compliance with this rule." Id. 20.1(a)(1). However, F.F.A.'s affidavit does not comply with Rule 20.1(b) because it does not provide the information required by this rule. See In re J.W., 52 S.W.3d 730, 732 (Tex.2001) (per curiam); Thomas v. Olympus/Nelson Prop. Mgt., 97 S.W.3d 350, 352-53 (Tex.App.-Houston [14th Dist.] 2003, order) (per curiam); Holt v. F.F. Enters., 990 S.W.2d 756, 758-59 (Tex.App.-Amarillo 1998, order). Thus, it does not appear that F.F.A. is entitled to prosecute his appeal without advance payment of costs at this time.
However, before we require payment of applicable filing fees under penalty of dismissal, F.F.A. should be given a reasonable opportunity to cure his defective affidavit. See TEX.R.APP. P. 44.3; J.W., 52 S.W.3d at 733.
Therefore, it is ORDERED that F.F.A. shall within twenty-one (21) days after the date of this Order: (1) file an amended indigence affidavit with the district clerk that complies with the requirements of Rule 20.1(b); and (2) notify the Clerk of this Court in writing that he has done so. If F.F.A. fails to comply, then he will not be permitted to prosecute his appeal without advance payment of costs.
NOTES
[1] This expunction appeal is styled "Ex parte F.F.A." in accordance with this Court's local rules. See 10TH TEX.APP. (WACO) LOC. R. 19(a).
[2] The Clerk's letter directed the district clerk "to file a limited clerk's record containing: (1) any handwritten docket notations by the trial court; (2) the order being appealed; (3) any indigence affidavits filed by appellant; (4) any indigence contests filed by the clerk, the court reporter, or any party; (5) any indigence orders signed by the trial court; and (6) the notice of appeal."