IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0095
════════════
 
Lawrence Higgins, 
Petitioner,
 
v.
 
Randall County Sheriff’s 
Office, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Seventh District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Justice Johnson did not participate in 
the decision.
 
            
Lawrence Higgins, a pro se inmate, filed an appeal without paying 
a filing fee or filing an affidavit of indigence. When the court of appeals 
ordered him to pay the fee within ten days, Higgins filed an affidavit of 
indigence before the deadline. Because the court of appeals dismissed the appeal 
anyway, we reverse.
Higgins sued 
the Randall County Sheriff’s Office after a fellow inmate assaulted him. The 
trial court dismissed his claim for want of prosecution. See Tex. R. Civ. P. 165a. Higgins filed a 
timely notice of appeal, but included neither a filing fee nor an affidavit of 
indigence. See Tex. R. App. 
P. 5, 20.1(c)(1). Four months later, the court of appeals notified him 
that unless he paid the filing fee of $125 within ten days, his appeal would be 
dismissed. Nine days later, Higgins responded by filing an affidavit of 
indigence. 
 
The court of 
appeals dismissed the appeal because the affidavit was untimely and 
unaccompanied by a motion to extend time. See Tex. R. App. P. 20.1(c). But the 
affidavit is no longer a jurisdictional requirement. See Tex. R. App. P. 25.1(b); In re 
J.W., 52 S.W.3d 730, 733 (Tex. 2001). As with any other formal defect or 
irregularity in appellate procedure, the court of appeals could dismiss the 
appeal for noncompliance only after allowing Higgins a reasonable time to 
correct this defect. See Tex. R. 
App. P. 44.3; In re J.W., 52 S.W.3d at 733. Because an affidavit 
of indigence discharged the filing-fee requirement unless a contest to it was 
sustained, see Tex. R. App. 
P. 20.1, Higgins corrected the defect within the allotted time.
The court of 
appeals held alternatively that even if the affidavit were timely, the appeal 
should be dismissed because it was conclusory and failed to contain all the 
information required. But again, dismissal cannot be sustained on this ground 
without giving the affiant an opportunity to amend. See In re J.W., 52 
S.W.3d at 733. Nothing in the affidavit shows affirmatively that Higgins could 
pay appellate costs, and “[c]ommon sense tells us that one in [his] 
circumstances had no means of obtaining an arm’s length bona fide loan.” 
Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980).
Accordingly, 
without hearing oral argument, see Tex. R. App. P. 59.1, we reverse the 
court of appeals’ judgment and remand for further proceedings in accordance with 
this opinion. 
 
OPINION 
DELIVERED: May 26, 2006