NO. 07-06-0286-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 31, 2006

_____

KATHY M. ATKINSON, APPELLANT

V.

EUSTACE INDEPENDENT SCHOOL DISTRICT, APPELLEE

_____

FROM THE 173RD DISTRICT COURT OF HENDERSON COUNTY;

NO. 16,970-A; HONORABLE DAN MOORE, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Kathy M. Atkinson appeals the trial court's judgment against her arising out of a suit brought by appellee Eustace Independent School District for delinquent property taxes. We will dismiss the appeal.

This appeal was transferred to us from the Twelfth Court of Appeals. Before it was transferred, the Twelfth Court sent appellant a letter asking that she remit the $125 filing fee by July 24, 2006. On our receipt of the file, this court, by letter dated July 26, 2006, also notified appellant that the required filing fee had not been paid. Our letter also

advised appellant that if the fee was not paid by August 7, 2006, her appeal was subject to dismissal.

Appellant responded to the letters by filing "pauper's affidavits" that referred to Rules of Civil Procedure "749a and/or 749b."[1] In the affidavits, appellant swore that "[she is] not able to pay all of or part of the costs of appeal" of the judgment "because of [her] financial condition." She also filed a document entitled "Financial Statement," which describes her limited income and her medical expenses,[2] and states that the costs "would be a financial hardship to [appellant]."

On August 7, 2006, this court sent another letter to appellant concerning the filing fee, referring her to the rule governing indigent appeals in civil cases. Tex. R. App. P. 20.1. We advised appellant, "[a]lthough you have filed information with regard to your claim of indigence, the information provided to date is inadequate pursuant to Rule 20.1(b) of the Texas Rules of Appellate Procedure. Unless the filing fee in the amount of $125.00 is paid or you have filed an affidavit containing all the information required to demonstrate indigence under Rule 20.1(b) by Thursday, August 17, 2006, this appeal will be subject to dismissal."

---

[1] Those rules deal with appeals from justice court in forcible entry and detainer actions. Appellant's appeal is from a judgment of the 173rd District Court of Henderson County in favor of Eustace Independent School District for delinquent property taxes.

[2] The Financial Statement states that appellant has "only one income which is Social Security income of $935.00 per month and [her] medical expenses exceed [her] income. [She] get[s] some assistance with medical expense but the help [she receives] does not meet all of [her] medical expenses."

2

In response to our August 7 letter, appellant has forwarded (1) copies of delinquent tax receipts with a note indicating she paid something in excess of $800 in delinquent taxes in late June of this year, (2) a copy of a notice of appraised value from the Henderson County Appraisal District, and (3) a copy of a letter from the Social Security Administration regarding appellant's monthly benefit and health plan premiums. This information does not establish appellant's indigence for purposes of the rules that govern our consideration of appeals.

Rule of Appellate Procedure 20.1(a) provides that a party who cannot pay the costs in an appellate court may proceed without advance payment of costs if the party files an affidavit of indigence in compliance with the rule; the claim is not contested or, if so, the contest is not sustained; and the party timely files a notice of appeal.[3] Under Rule 20.1(b), the prescribed contents of an affidavit of indigence include, among other information, complete information about the party's income and expenses, her real and personal property assets, and her ability to obtain a loan for court costs. *In re J.W.*, 52 S.W.3d 730,

---

[3] The three requirements are listed in the conjunctive in Rule 20.1(a). Rule 20.1(c) also provides that affidavits of indigence are to be filed in the trial court with or before the notice of appeal, and provides a procedure for contests to the affidavits. We have no indication of a contest to appellant's affidavit. One of appellant's pauper's affidavits bears a file stamp of the Henderson County District Clerk, but neither of the affidavits was filed with or before her notice of appeal, or within 15 days thereafter. Appellant submitted no motion for extension of time to file an affidavit of indigency. Tex. R. App. P. 20.1(c)(1), (3). We nonetheless evaluate appellant's responses to the court's letters in light of the requirements of Rule 20.1(a) and (b). *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006) (addressing a similar circumstance).

731-32 (Tex. 2001). The information appellant has provided in response to this court's letters does not address all the topics listed in Rule 20.1(b).[4]

Appellant has thus failed to comply with the requirements of our August 7 letter giving her a reasonable time to correct the deficiency in her affidavit concerning indigency. Tex. R. App. P. 44.3; *In re J.W.*, 52 S.W.3d at 733. She also has failed to comply with the filing fee requirement. Tex. R. App. P. 5. Accordingly, the required notice to all parties having been given, we dismiss the appeal. Tex. R. App. P. 42.3(c).

James T. Campbell
Justice

---

[4] Moreover, as noted, the information appellant has provided indicates she paid over $800 to the taxing authorities in late June of this year, casting doubt on her claim of indigency.