Dismissed and Memorandum Opinion filed March 29, 2007








Dismissed
and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00013-CV

____________

 

MARYAM JAMILAH, Appellant

 

V.

 

WASHINGTON MUTUAL
BANK, F.A., Appellee

 



 

On Appeal from the
County Court No. 3 & Probate Court

Brazoria County,
Texas

Trial Court Cause
No. CI 032913

 



 

M E M O R A N D U M   O P I N I O N

The clerk=s record in this appeal was filed February
8, 2007.  The record reflects that appellant seeks to appeal from a final
judgment signed August 26, 2005.  Appellant=s motion for new
trial was due within 30 days after the judgment was signed, that is, by
September 26, 2005.  See Tex. R.
Civ. P. 329b(a); Tex. R. Civ. P. 4. 
The motion for new trial was not filed until September 27, 2005.  Appellant=s notice of appeal
was filed November 28, 2005.  








Appellant also filed an affidavit of indigency with her
notice of appeal.  The trial court sustained the contest to the affidavit based
upon defects in appellant=s affidavit.  On February 9, 2006, this
court abated the appeal so that we could review appellant=s challenge to the
order sustaining the contest to her affidavit.  A partial clerk=s record containing documents related
to the indigency hearing was filed on February 14, 2006.  Pursuant to this
court=s order, on June 7, 2006, appellant
filed a second amended affidavit of indigence.  See In re J.W., 52
S.W.3d 730, 733 (Tex. 2001) (per curiam) (holding that an appellant should be
granted leave to amend an affidavit of indigence when the court=s ruling is based on a defect in the
affidavit rather than a finding against indigency). 

A
supplemental partial clerk=s record was filed in this court on August 14, 2006.  The
record contained timely contests to appellant=s second amended affidavit of
indigence filed by Sarah Caldwell, Official Court Reporter of Brazoria County
Court at Law No. 2, and by Lynnette ABitty@ Erskine, Official Court Reporter of
Brazoria County Court at Law No. 3.  The supplemental clerk=s record also contained a
certification from the Brazoria County Clerk that the court file contains no
court order ruling on the contests to appellant=s second amended affidavit of
indigence. 

This court=s order specified that the time deadlines
contained in Texas Rule
of Appellate Procedure 20.1(i) applied to appellant=s amended affidavit.  Rule 20.1(i)
provides that a hearing must be held within 10 days after the date the
affidavit of indigency was filed.  Within that initial 10-day period, a court
may extend the time for conducting the hearing for a period of no more that 20
days.  Tex. R. App. P. 20.1(i)(3). 
The rule further provides that unless the trial court signs an order sustaining
the contest within this time period set for the hearing, the affidavit=s allegations will be deemed true,
and appellant will be allowed to proceed without advance payment of costs.  Tex. R. App. P. 20.1(i)(4).

Because
the time passed for the trial court to conduct a hearing and enter an order
sustaining the contests to the amended affidavit without an order being signed,
the allegations in appellant=s affidavit were deemed true and appellant was allowed to
proceed on appeal without the advance payment of costs.  See Tex. R. App. P. 20.1(i)(4). 









After the appeal was reinstated and the clerk=s record was
filed, the court notified all parties of our intention to dismiss the appeal
for want of jurisdiction because the notice of appeal is untimely.  See Tex. R. App. P. 42.3(a).  The notice of
appeal must be filed within thirty days after the judgment is signed when
appellant has not filed a timely motion for new trial, motion to modify the
judgment, motion to reinstate, or request for findings of fact and conclusion
of law.  See Tex. R. App. P. 26.1. 
Because appellant=s motion for new trial was untimely, the
time to file her notice of appeal was not extended to 90 days after judgment.  See
id.  Appellant filed no response to this court=s dismissal
notice.

Appellant=s notice of appeal, filed 94 days after
the judgment was signed, is untimely.  Additionally, the notice of appeal was
filed well beyond the fifteen-day extension period provided by rule 26.3.  See
Tex. R. App. P. 26.3.  Therefore,
we are without jurisdiction to consider this appeal.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 29, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.