COURT
OF APPEALS

                                      SECOND
DISTRICT OF TEXAS

                                                   FORT WORTH

 

                                        NO.
2-08-220-CV

 

 

MELANY SMITH

                                                                                        APPELLANT

                                                   V.

 

 

NORTHWEST INDEPENDENT SCHOOL DISTRICT,                       APPELLEES

CITY OF ROANOKE, AND DENTON
 COUNTY

                                                                                                        

 

                                               ----------

 

             FROM THE 367th
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                  MEMORANDUM OPINION[1] AND
JUDGMENT

 

                                              ------------

 








On May 29, 2008, and June 12, 2008, we
notified appellant, in accordance with rule of appellate procedure 42.3(c),
that we would dismiss this appeal unless the $175 filing fee was paid.  See Tex.
R. App. P. 42.3(c).  Appellant has
not paid the $175 filing fee.[2]  See Tex.
R. App. P. 5, 12.1(b).

Because appellant has failed to comply with
a requirement of the rules of appellate procedure and the Texas Supreme Court=s
order of August 28, 2007[3],
we dismiss the appeal.  See Tex. R. App. P. 42.3(c), 43.2(f).

Appellant shall pay all costs of this
appeal, for which let execution issue.  See
Tex. R. App. P. 43.4.

 

PER
CURIAM

 

 

PANEL D:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON,
J.  

 

DELIVERED:  July 10, 2008 












[1]See Tex. R. App. P. 47.4





[2]Appellant=s notice of
appeal was entitled ADefendant=s Notice of
Appeal and Affidavit of Inability to File Appeal Bond.@  The Denton County District Clerk timely filed
a contest to the affidavit of inability to pay and, on June 12, 2008, the trial
court sustained the district clerk=s contest. 
See Tex. R. App. P.
20.1.  Nothing indicates that appellant
sought leave to amend her affidavit and she has not appealed this order.  See In re J.W., 52 S.W.3d 730, 733
(Tex. 2001) (holding that, where appellants moved to amend or supplement their
affidavits of indigence at the contest hearing, Athe court of
appeals should have directed the trial court to allow [appellants] a reasonable
opportunity to amend their affidavits and to reconsider the contests based upon
any additional information@).





[3]See Supreme Court
of Tex., Order Regarding Fees Charged in Civil Cases in the Supreme Court
and the Courts of Appeals and Before the Judicial Panel on Multidistrict
Litigation, Misc. Docket No. 07-9138 (Aug. 28, 2007) (listing fees in
courts of appeals).