**Order filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00666-CV
_____

### MARK THUESEN, Appellant

### V.

### AMERISURE INSURANCE COMPANY, SWAMPLOT INDUSTRIES LLC, LAURENCE DAVID ALBERT, AND BETH ANNE BRINSDON,
**Appellees**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2012-49262

## ORDER

According to information provided to this court, this is an appeal from an interlocutory order signed July 28, 2014.[1] Appellant filed a notice of appeal and

---

[1] The clerk's record has not been filed. In the absence of a complete record, we express no opinion on whether this order is a final order or an interlocutory order made appealable by statute.

affidavit of indigence on August 13, 2014, seeking to appeal.[2] The Harris County District Clerk filed a contest to appellant's affidavit on August 27, 2014. A hearing was held on the contest on September 2, 2014. On September 9, 2014, the trial court signed an order sustaining the county's contest.

On September 15, 2014, appellant filed a motion in this court asking that we review the trial court's ruling sustaining the contest to his claim of indigence. *See* Tex. R. App. P. 20.1(j). Appellant's motion is timely. *See* Tex. R. App. P. 20.1(j)(2) (requiring challenge to be filed within 10 days after the order sustaining the contest is signed). In his motion, appellant asserts that the county's contest and the trial court's order are untimely. When a trial court sustains a contest to an affidavit of indigence, we review the trial court's ruling under an abuse of discretion standard. *See Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied).

The reporter's record from the trial court's indigence hearing was filed September 11, 2014. At the hearing, the county first complained that appellant's affidavit was e-filed shortly before midnight on August 13, 2014, and the county was not aware of its filing until August 18, 2014. An e-filed document is considered filed the same day it is transmitted to the electronic service provider when it has been transmitted before midnight on a day that is not a Saturday, Sunday, or legal holiday. Tex. R. Civ. P. 21(f)(5). Therefore, appellant's affidavit was filed Wednesday, August 13, 2014. Any contest to the affidavit of indigence was due within 10 days after the date the affidavit was filed. *See* Tex. R. App. P. 20.1(e)(1). The county's contest was due Monday, August 25, 2014. *See* Tex. R. Civ. P. 4 (extending a filing deadline to Monday when the last day falls on a

---

[2] Appellant actually filed an unsworn declaration in lieu of an affidavit, which is now permissible. *See* Tex. Civ. Prac. & Rem. Code § 132.001.

Saturday, Sunday, or legal holiday). The county's contest filed August 27, 2014 was untimely. "Unless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payments of costs." Tex. R. App. P. 20.1(f).

The county also objected at the hearing that appellant's affidavit of indigence did not comply with Rule 20. *See* Tex. R. App. P. 20.1(b) (detailing the required contents of an affidavit of indigence). The Supreme Court of Texas has made clear that "strict conformance with . . . formal aspects of Rule 20.1" is not required. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 688–89 (Tex. 2008). An appellant filing an affidavit of indigence must be granted a reasonable time to correct errors in his affidavit. *See In re J.W.*, 52 S.W.3d 730, 731 (Tex. 2001) (holding appellants should have been granted a reasonable opportunity to amend affidavits that did not contain all the information required by Rule 20.1). The county also complained that appellant's unsworn declaration was "hidden" in the body of his notice of appeal. An affidavit of indigence must be filed "with or before the notice of appeal." Tex. R. App. P. 20.1(c)(1). Rule 20 does not state that the affidavit of indigence must be a separate document. Before the section of the document containing his declaration, appellant included a title in bold, stating **"Plaintiff's Unsworn Declaration in lieu of Affidavit."** In ruling on appellant's unsworn declaration, the court expressly stated, "I don't think it complies with the rule." The trial court abused its discretion in sustaining the contest on this basis without granting appellant a reasonable opportunity to amend. *See In re J.W.*, 52 S.W.3d at 731.

In addition, the trial court's order sustaining the contest was signed outside the time prescribed in Rule 20.1. Rule 20.1(i)(4) provides that "[u]nless—within the period set for the hearing—the trial court signs an order sustaining the contest,

the affidavit's allegations will be deemed true . . . and the party will be allowed to proceed without advance payment of costs." Tex. R. App. P. 20.1(i)(4). The hearing on the contest was set on September 2, 2014, and the trial court's order was not signed until September 9, 2014.[3]

The allegations in appellant's unsworn declaration are deemed true, and appellant is allowed to proceed on appeal without advance payments of costs. *See* Tex. R. App. P. 20.1. Accordingly, the Harris County District Clerk is directed to file the clerk's record in this appeal without advance payment **within 30 days** of the date of this order.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

---

[3] It appears that the hearing was originally set for September 5, 2014. The September 9, 2014 order was also not "within the period set for the hearing" on September 5, 2014. *See* Tex. R. App. P. 20.1(i)(4).