**In the Interests of J.W. and D.S.G., Minor Children.**

**No. 05–99–0705–CV.**

Court of Appeals of Texas, Dallas.

April 26, 2000.

Charles W. McGarry, Law Offices of Charles W. McGarry, Dallas, for appellant.

Grier Pat Jones, Dallas, for appellee.

William T. (Bill) Hill, Jr., District Attorney, Kenneth Jefferson Bray, Assistant District Attorney, Dallas, for the State.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

PER CURIAM.

Appellants Susan Warren Griffin and David Griffin each filed an affidavit of indigence in this appeal, and the trial court sustained the district clerk's contests to their requests for indigence status. By Order dated January 10, 2000, we affirmed the trial court's order when we concluded the trial court did not abuse its discretion in sustaining the contests to appellants' affidavits. We also ordered appellants to file, within ten days from the date of the Order, written verification that they had paid, or made arrangements to pay, the clerk's and reporter's fees. We warned appellant that failure to timely file the verification may result in the dismissal of this appeal. By letter filed January 18, 2000, appellants advised this Court that they were unable to obtain a loan or money from friends for the cost of the reporter's record. Their correspondence also indicated that they were unable to work out a payment plan with the district clerk to pay the clerk's fee.

On February 16, 2000, the Clerk of this Court received written notice from the district clerk that the clerk's record had been prepared, but was being held pending the tender of the $270 clerk's fee. By letter dated February 16, 2000, the Clerk of this Court advised appellants of the district clerk's notice, and directed appellants to pay or make arrangements to pay the clerk's fee within ten days of the date of the letter. Appellants were cautioned that failure to comply with this directive may result in the dismissal of their appeal.

By letter dated March 8, 2000, the Clerk advised appellants that they had still not complied with this Court's January 10th Order and the February 16th Clerk's letter. The March 8th letter directed appellants to file the written verification specified in our January 10th Order within ten days from the date of the letter. This time, the Clerk warned appellants that the appeal "will be dismissed without further notice" if they did not comply with this directive. *See* Tex.Rs.App.P. 37.3(b) & 42.3(c).

To date, appellants have still not complied with our January 10th Order or the Clerk's February 16th directive by advising us whether they have paid, or made arrangements to pay, for the clerk's and reporter's records. Our appellate rules clearly require the appellant to bear the cost of these records unless they are found to be indigent. *See* Tex.R.App.P. 37.3(b). To date, neither the clerk's record nor the reporter's records have been filed because appellants have not paid or made arrangements to pay the requisite fees.

For these reasons, on the Court's own motion, this appeal is **DISMISSED**. *See* Tex.Rs.App.P. 37.3(b) & 42.3(c).