NO. 07-05-0004-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 19, 2005

_____

LAWRENCE HIGGINS,

Appellant

v.

RANDALL COUNTY SHERIFFS OFFICE,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 50,468C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Lawrence Higgins appealed an order dismissing his suit for want of prosecution. By letter dated January 5, 2005, this Court notified him that the required filing fee of $125.00 had not been paid, and that if it was not paid within ten days from the date of the letter, his appeal may be dismissed. Appellant responded by filing an untimely affidavit of indigence with us.

Rule 20.1(c)(1) of the Texas Rules of Appellate Procedure provides that an affidavit of indigence must be filed in the trial court with or before the notice of appeal. The notice

of appeal at bar was filed on September 3, 2004, while the affidavit was filed on January 14, 2005. Thus, it was untimely.

Moreover, Higgins failed to accompany his belated affidavit with a timely motion to extend the deadline within which to establish his indigence. *See* TEX. R. APP. P. 20.1(c)(3) (permitting the late filing of an affidavit of indigence if done within 15 days after the deadline and when accompanied by a motion requesting an extension of time in compliance with appellate rule 10.5(b)). Thus, we have no basis on which to excuse the delay.

Finally, even if the affidavit were timely, it is insufficient to establish his purported indigence. This is so because of its conclusory nature and failure to contain the information mandated by appellate rule 20.1(b).

Although the filing of a notice of appeal invokes this Court's jurisdiction, if a party does not follow the prescribed rules of appellate procedure, the appeal may be dismissed. TEX. R. APP. P. 25.1(b). Because the record before us failed to establish Higgins' status as a pauper and because the $125.00 filing fee remains unpaid, we dismiss the appeal. TEX. R. APP. P. 42.3(c).

Per Curiam

2