### In the Interest of M.A.
### No. 14–06–00720–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 22, 2007.

Cynthia Garza, Houston, for appellants.

Sandra D. Hachem, Houston, for appellees.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

### OPINION

PER CURIAM.

This is an accelerated appeal from a judgment signed July 14, 2006. The notice of appeal was due August 3, 2006. *See* Tex.R.App. P. 26.1(b). Appellant, however, filed her notice of appeal on August 15, 2006, a date within 15 days of the due date for the notice of appeal. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997) (holding that a motion for extension of time is "necessarily implied" when the perfecting instrument is filed within fifteen days of its due date). Accordingly, we conclude the notice of appeal was timely filed.

On September 7, 2006, appellant filed an affidavit of inability to pay costs. On September 18, 2006, the Harris County District Clerk filed a contest to appellant's affidavit. The trial court heard the contest on September 28, 2006. The record before this court does not contain an order reflecting the trial court's ruling on the contest.

Texas Rule of Appellate Procedure 20.1(c)(1) requires an affidavit of indigence to be filed in the trial court with or before the notice of appeal. The appellate court may extend the time to file an affidavit of indigence if, within 15 days after the deadline, the party files a motion under Rule 10.5(b) in the appellate court. In the case at bar, the latest date the notice of appeal

---

could have been filed and considered timely was August 18, 2006. Thus, even with an extension of time, the latest date on which an affidavit of indigence could have been filed was September 4, 2006. In the instant case, the affidavit was not filed until September 14, 2006. We recognize that the Texas Supreme Court's recent decision in *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex.2006), appears to allow an affidavit of indigence to be filed much later. In *Higgins,* the affidavit was filed 133 days after the notice of appeal. *See Higgins v. Randall County Sheriff's Office,* No. 07–05–0004–CV, 2005 WL 148764 (Tex.App.-Amarillo, 2005), *rev'd* 193 S.W.3d 898 (Tex.2006). However, *Higgins* did not involve the termination of parental rights and the mandatory deadlines of Section 263.405 of the Texas Family Code.

Section 263.405(d) provides the trial court shall hold a hearing not later than the thirtieth day after the date the final order is signed to determine whether a party's claim of indigence, if any, should be sustained. Under subsection (e), if the court does not render a written order denying the claim of indigence or requiring the person to pay partial costs before the 36th day after the date the final order being appealed is signed, the court shall consider the person to be indigent. If we applied the rule in *Higgins,* to cases such as this one, an affidavit of indigence filed more than thirty-six days after the final order is signed would either (1) entitle the appellant to indigent status because it would be too late for the trial court to deny the claim, or (2) require the trial court, and consequently the court of appeals, to ignore the statutory deadline. Both scenarios violate the rules of statutory construction by rendering meaningless either Texas Rule of Appellate Procedure 20.1 or section 263.405 of the Texas Family Code. Consistent with traditional statutory construction principles, the more specific statute, section 263.405 of the Texas Family Code, should control over the more general Rule 20.1, as interpreted by the Texas Supreme Court in *Higgins,* 193 S.W.3d at 898. *See Horizon/CMS Healthcare Corporation v. Auld,* 34 S.W.3d 887, 901 (Tex. 2000). Moreover, applying *Higgins* to cases involving the termination of parental rights would frustrate the Legislature's intent in enacting those deadlines to reduce post-judgment delays in these types of cases. Therefore, we hold *Higgins* is not applicable to appeals from the termination of parental rights in which the affidavit of indigence is filed more than thirty-six days after the day the final order is signed.

In this case, the final order was signed July 14, 2006. The thirtieth day after that date was August 13, 2006, a Sunday, and the thirty-sixth day after that date was August 19, 2006, a Saturday. Accordingly, the trial court had to hold a hearing not later than August 14, 2006, and had to render a written order not later than August 20, 2006. Appellant's affidavit was not filed until September 14, 2006, after both deadlines and therefore was untimely.

On December 21, 2006, we ordered appellant to pay the filing fee in the amount of $125.00 to the clerk of this court on or before December 27, 2006. *See* Tex.R.App. P. 5. Appellant was given notice that if appellant failed to timely pay the filing fee in accordance with the order, the appeal was subject to dismissal. *See* Tex.R.App. P. 42.3. Further, appellant was directed to pay or make arrangements to pay for the record in this appeal. *See* Tex.R.App. P. 35.3(a)(2). Appellant was given notice that if appellant failed to provide this court with proof of payment for the record within fifteen days of the date of the order, the appeal was subject to dismissal for want of prosecution. *See* Tex.R.App. P. 37.3(b).

To date, appellant has filed no response. Accordingly, the appeal is ordered dis-

missed. *See* Tex.R.App. P. 42.3(c) (allowing involuntary dismissal of case because appellant has failed to comply with notice from clerk requiring response or other action within specified time).