**In the Interest of B.N., a Child.**

**No. 10–09–00216–CV.**

Court of Appeals of Texas,
Waco.

Dec. 9, 2009.

Anthony J. Drummond, Attorney at Law, Bryan, for Appellant/Relator.

Andrea L. James, Brazos County Asst. District Attorney, Bryan, TX, for Appellee/Respondent.

Wendy A. Wood Hencerling, Attorney at Law, Bryan, TX, for Real Party in Interest.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ABATEMENT ORDER

PER CURIAM.

Appellant challenges the trial court's determination under section 263.405(d) of the Family Code that she is not indigent. Because of the accelerated timetables applicable to this type of appeal and because we have all the pertinent information needed, we review this determination without briefs. *See In re S.T.,* 239 S.W.3d 452, 455–56 (Tex.App.-Waco 2007, order), *disp. on merits,* 263 S.W.3d 394 (Tex.App.-Waco 2008, pet. denied). We will abate this appeal so Appellant has an opportunity to amend her affidavit of indigence.

After the judgment was signed, Appellant filed a signed but unsworn indigence "affidavit." Both the Department of Family and Protective Services and the attorney ad litem for the child objected to this document at the hearing to determine whether Appellant is indigent and whether her appeal is frivolous. *See* TEX. FAM.CODE ANN. § 263.405(d) (Vernon 2008). Appellant did not attend this hearing, and no evidence was presented on her behalf. The trial court ruled that she "is not indigent, having failed to meet the requirements of Texas Family Code § 263.405(e)."

 Section 263.405(e) requires an appellant claiming indigence "to file an affidavit of indigency." TEX. FAM.CODE ANN. § 263.405(e) (Vernon 2008). An affidavit is a written statement "signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005); *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995) (orig. proceeding); *Medford v. Medford,* 68 S.W.3d 242, 247 (Tex.App.-Fort Worth 2002, no pet.); *see Guinn v. Bosque Coun-*

*ty,* 58 S.W.3d 194, 198 (Tex.App.-Waco 2001, writ denied). An unsworn statement of indigence does not satisfy this definition. *See Medford,* 68 S.W.3d at 247; *Guinn,* 58 S.W.3d at 198–99.

■ Appellant did not file an affidavit of indigence, nor did she present any evidence to support her indigence claim. Thus, we cannot say that the trial judge erred by ruling that Appellant failed to comply with section 263.405(e). *See In re A.S.,* 239 S.W.3d 390, 392 (Tex.App.-Beaumont 2007, no pet.). Nevertheless, Rule of Appellate Procedure 44.3 provides that a trial court's order "must not" be affirmed "for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." Tex.R.App. P. 44.3.

■ Following Rule 44.3, the Supreme Court has consistently reversed cases which have been dismissed for failure to pay a filing fee where the appellants had attempted to establish indigence but had filed a defective or untimely affidavit of indigence. *See, e.g., Higgins v. Randall County Sheriff's Office,* 257 S.W.3d 684, 688–89 (Tex.2008); *Hood v. Wal–Mart Stores, Inc.,* 216 S.W.3d 829, 830 (Tex. 2007) (per curiam); *In re J.W.,* 52 S.W.3d 730, 733 (Tex.2001) (per curiam). These decisions "reflect[ ] the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects." *Higgins,* 257 S.W.3d at 688 (quoting *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997)).

In *J.W.,* the appellants filed indigence affidavits for appeal after their parental rights were terminated, but their affidavits omitted some of the information required by Rule 20.1(b). *See J.W.,* 52 S.W.3d at 731; *see also* Tex.R.App. P. 20.1(b). The district clerk filed a contest on the ground that the affidavits were defective. *Id.* The trial court sustained the contest and de-

nied the appellants' motion to amend. *Id.* The court of appeals affirmed the indigence ruling and ultimately dismissed the appeal because the appellants failed to pay for the appellate record. *See In re J.W.,* 49 S.W.3d 7, 8 (Tex.App.-Dallas 2000) (per curiam). The Supreme Court reversed, holding that "the court of appeals should have directed the trial court to allow petitioners a reasonable opportunity to amend their affidavits and to reconsider the contests based upon any additional information." *J.W.,* 52 S.W.3d at 733.

Here, as with the appellants in *J.W.* and *Higgins,* Appellant's unsworn "affidavit" indicates that she does not have adequate resources to pay the requisite costs and fees for her appeal. *See Higgins,* 257 S.W.3d at 687–88 (although some required information was not included in his affidavit, "Higgins did clearly attest that he had no current or expected income of any kind, and that he had no prospects for receiving any money in the future"). Counsel also reminded the trial court during the indigence hearing that the court had appointed counsel to represent Appellant at trial and asked the court "to take notice of [the] previous indigency finding." However, the Department objected to this request, and the court did not take judicial notice of the prior indigence determination. Nevertheless, the trial court had before it information indicating that Appellant is indigent and concluded otherwise solely because Appellant's affidavit was not sworn to. "This was contrary to Rule 44.3, and the [trial court] should have [given Appellant] a reasonable opportunity to amend." *See J.W.,* 52 S.W.3d at 733.

Section 263.405(d) requires a trial court to hold a hearing on an indigence claim within thirty days after the termination decree is signed and rule on that claim within thirty-six days after the decree is signed. Tex. Fam.Code Ann. § 263.405(d).

Thus, the Fourteenth Court of Appeals has concluded that an indigence affidavit filed after the expiration of these deadlines cannot be considered by a court. *See In re M.A.*, 222 S.W.3d 670, 671 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (per curiam) ("applying *Higgins* to cases involving the termination of parental rights would frustrate the Legislature's intent in enacting those deadlines").

■ Notwithstanding the statutory deadlines, this Court and at least one other have abated such appeals for a hearing in the trial court in which the appellants could develop an evidentiary record on their ineffective assistance of counsel claims. *See In re S.K.A.*, No. 10–08–00347–CV, 2009 WL 2645027, at *10, 2009 Tex.App. LEXIS 6535, at *27 (Tex.App.-Waco Aug. 19, 2009, no pet.) (mem. op.); *Doe v. Brazoria County Child Protective Servs.*, 226 S.W.3d 563, 570 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *In re T.N.F.*, 191 S.W.3d 329, 332 (Tex.App.-Waco 2006, order) (per curiam); *In re K.K.*, 180 S.W.3d 681, 687–88 (Tex.App.-Waco 2005, order) (per curiam). As the Supreme Court has observed, the Texas Legislature "[u]nquestionably" intended section 263.405 "to yield just, fair, and reasonable results within the legislative goal of obtaining expedited disposition of appeals." *In re M.N.*, 262 S.W.3d 799, 803 (Tex.2008). Thus, we apply the same rationale here as we have in the cited cases involving ineffective assistance of counsel claims.

We abate this appeal and remand the cause to the trial court to allow Appellant a reasonable opportunity to amend her indigence affidavit and to reconsider her indigence claim. *See J.W.*, 52 S.W.3d at 733; *see also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 900 (Tex. 2006) (per curiam). The trial court shall provide Appellant at least ten days after the date of this Order to amend her affidavit and, if she does so, shall hold an indigence hearing within twenty days after the date of this Order. A supplemental clerk's record and a supplemental reporter's record pertaining to the hearing, if held, shall be filed in this appeal within thirty days after the date of this Order.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissent to abatement order.

The Court is correct in its determination that the trial court erred in determining that Mary, a pseudonym used in place of the name of the mother of B.N., was not indigent if that determination was solely for the deficiencies in the affidavit of indigence. But where this Court errs is in determining that no indigence affidavit, as such, was filed and that there was no other evidence before the trial court. We do not, however, have before us that additional evidence. Thus there is no way that we can properly review the trial court's determination of indigence nor can we determine if the trial court erroneously relied solely on the deficiencies in the affidavit and if such reliance was harmless.

### OVERVIEW

The legislatively created appellate process for the review of cases in which the State of Texas initiated proceedings to terminate a parent's rights with regard to a child may be one of the most complex procedural areas of the law. A review of the sheer number of appeals that discuss the procedural issues indicates the relative complexity of the issues. But when the number of appeals referencing this one procedural statute is compared to appeals from any other procedural statute, it becomes clear that its consistent and uniform application is almost impossible. There are a number of reasons for this.

The legislature's goal is admirable—to bring certainty to the lives of children as quickly as possible. And that objective should be honored when it can be done while at the same time according those subject to it the protections of the Constitution, most importantly due process and the effective assistance of counsel if the person is unable to afford their own attorney. But the timeline is tight and if any deadline is missed then chaos reigns. To avoid the chaos, short cuts are taken.

When short cuts are taken, rights may unwittingly be cut off. I believe that is what is happening here.

We first must have a firm understanding of what the timeline is for all these proceedings. Then we must look at the actual events that occurred in light of the timeline and other rules. We must then determine if the trial court erred and, if there was error, was it harmful. I will thus begin with an analysis of the statute's timeline.

### Post–Termination Timeline

| | | |
|---|---|---|
| 1 | TJD | Termination Judgment Date—date order of termination is signed (TJD) |
| 2 | TJD + 15 | Request/motion for new trial due—§ 263.405(b)(1) |
| 3 | TJD + 15 | Statement of Points due—§ 263.405(b)(2) |
| 4 | TJD + 20 | Notice of Appeal due—Tex. R.App. P. 26.1(b) |
| 5 | TJD + 20 | Affidavit of Indigence due—Tex. R.App. P. 20.1(c)(1) ("AID") (If a party claims indigent status and requests an attorney) |
| 6 | AID + 10 | Contest to affidavit of indigence, if necessary, due—Tex. R.App. P. 20.1(e); § 263.405(c) [1] |
| 7 | TJD + 30 | Hearing (30 day hearing) to decide: <br> a) whether to grant a motion for new trial; <br> b) whether the appealing party is indigent; and <br> c) whether the appeal is frivolous—§ 263.405(d); Tex. Civ. Prac. & Rem. Code § 13.003(b) |
| 8 | TJD + 36 | Absent written ruling from 30 day hearing, indigence is presumed and counsel shall be appointed—§ 263.405(e) |
| 9 | 30 Day Hearing date + 10 | Reporter's record and clerk's record from the 30 day hearing must be filed in the appellate court—§ 263.405(g) |
| 10 | TJD + 60 | Appellate record on the merits must be filed, unless after the 30 day hearing: <br> a) a new trial was granted; or <br> b) the trial court denied a free record (not indigent or points on appeal are frivolous)—§ 263.405(f) |

### The Court's Discussion and Application of Facts to this Timeline

The Court states that because of the accelerated timetables and "because we have all the pertinent information needed, we review this determination [that Mary is not indigent] without briefs. *See In re S.T.*, 239 S.W.3d 452, 455–56 (Tex.App.- Waco 2007, order), *disp. on merits*, 263 S.W.3d 394 (Tex.App.-Waco 2008, pet. denied)." It is not, as stated by the Court, because the timetables are accelerated, that we review the trial court's determinations without briefs. The statutorily determined timetable specifically allows us to review the determination without briefs

---

1. The statute does not appear to contemplate the filing of a contest. Given the time frames and that a hearing must be held at which it is the parent's burden to establish their indigence, a contest does not serve the purpose it does under Rule 20 of joining the issue.

but it also specifically authorizes us "to require the parties to file appellate briefs on the issues presented." TEX. FAM.CODE ANN. § 263.405(g) (Vernon 2008).

Moreover, we do not have "all the pertinent information" needed as the Court has stated. The statute requires us to "review the records" which we have not done because it has not yet been created and filed. The Court will contend that we have the reporter's record from the indigency hearing. We do. The Court will contend we have a clerk's record. We do. But the trial court relied upon the evidence from the prior trial proceeding when deciding the issues of indigency and frivolousness of the issues presented in the statement of points. The order states: "After considering the evidence presented both at trial and during this hearing as well as the argument of counsel, IT IS ORDERED that [MARY] is not indigent, having failed to meet the requirements of Texas Family Code § 263.405(e)." There was no objection to the trial court taking judicial notice of the full trial on the merits. Therefore, even if the trial court could not otherwise properly take judicial notice of testimony and other evidence presented during a proceeding that had not been transcribed, without an objection to the trial court's action, that prior proceeding has become part of the evidence the trial court relied upon in making its rulings. *See Davis v. State,* 293 S.W.3d 794, 797–98 (Tex.App.-Waco 2009, no pet.). And more importantly, it becomes part of the evidence that we must review. It is part of the record the statute requires us to review. TEX. FAM. CODE ANN. § 263.405(g) (Vernon 2008); *In the Interest of S.T.,* 239 S.W.3d 452, 464 (Tex.App.-Waco 2007) (Gray, C.J., dissent to order) ("because the trial court took judicial notice of the evidence from the trial, and because there is no way for us to know there was not some evidence in the trial regarding [appellant's] employment,

earnings, and expenses, we should have the reporter's record from the trial for our review of the trial court's [ ] order."). Proceeding to make any decision without that evidence is erroneous.

The Court states the issue in this proceeding succinctly in the opening sentence: "Appellant challenges the trial court's determination under section 263.405(d) of the Family Code that she is not indigent." I have little doubt that if we reviewed the record upon which the trial court purported to rely, which is the record of the trial court proceedings for termination of her parental rights, there is more than enough evidence to meet the test for indigency as stated by the Texas Supreme Court that "the fundamental requirement for asserting indigence has remained the same: the applicant must declare to the court, by affidavit [or at the indigency hearing], an inability to pay any, or the ability to pay only some, of the costs of appeal." *Higgins v. Randall County Sheriff's Office,* 257 S.W.3d 684, 686 (Tex.2008), (*Higgins II* ). If I am correct in this regard, we could declare the trial court's "not-indigent" ruling erroneous and determine that Mary is indigent and that the appointed counsel was improperly relieved of his duties and must continue to represent Mary in the appeal of the determination of whether the issues are frivolous (another determination for which we will need the entire record of the trial court proceeding because the trial court, without objection, took judicial notice of it). Depending on the results of that determination, we could then proceed to the merits of the issues on appeal or affirm the determination that the appeal is frivolous.

The Court also states that "Section 263.405(e) requires an appellant claiming indigence 'to file an affidavit of indigency.' TEX. FAM.CODE. ANN. § 263.405(e) (Vernon Supp. 2009)." Actually, the Family Code

provides that upon a *claim* of indigency and request for the appointment of an attorney, that "the *trial court shall require* the person to file an affidavit of indigency and shall hear evidence to determine the issue of indigency." *Id.* (emphasis added). This is one of a handful of statutes that appears to put a burden directly on the trial court to take some action to affirmatively implement and protect the rights of a litigant. At the hearing to determine Mary's indigency, an attorney other than Mary's appointed attorney had substituted in at the hearing due to the vacation of the appointed attorney. Recognizing that the affidavit of indigence was defective and that the substitute attorney was not prepared to have it corrected, the trial court should have been questioning whether Mary's rights were being protected, not necessarily because of the competency of counsel but just because, based on the circumstances, substitute counsel was not prepared to present additional evidence on the indigent status of Mary. I am not prepared to say counsel was ineffective, nor that the trial court erred, as implied by the Court. I simply note that where the Court is putting the burden on the appellant to file the affidavit, the statute actually places the burden on the trial court to see that an "affidavit" is filed. It raises the question of who must do what to preserve error if the purported affidavit is defective, or, as is the holding of the Court, when no affidavit at all is filed. I need not reach this issue because, contrary to the Court's statement, the trial court considered other evidence relevant to the issue. But that evidence is not before us. A decision on this Court's review of the trial court's indigency determination is, therefore, premature.

I note that the indigency hearing may be the first opportunity for the trial court to realistically assess whether the person is prosecuting the proceeding with diligence. This determination could possibly lead to a dismissal for want of prosecution. To make this determination, it may be necessary for the State, or other party, or the trial court on its own motion, to cause a subpoena to be issued to the person to attend the hearing. Failure to appear after being subpoenaed without explanation could justify a determination that the person lacks any desire to pursue an appeal. *See Bush v. State,* 80 S.W.3d 199 (Tex. App.-Waco 2002, no pet.) (where appellant who was not entitled to counsel failed to file a brief and failed to further pursue the appeal, court of appeals dismissed appeal for want of prosecution); *Stavinoha v. State,* 82 S.W.3d 690 (Tex.App.-Waco 2002, no pet.) (where appeal was abated to determine if appellant had abandoned appeal, counsel appeared at hearing, appellant did not appear and could not be located, and trial court found appellant had abandoned appeal, court of appeals dismissed appeal for want of prosecution); *Peralta v. State,* 82 S.W.3d 724 (Tex.App.-Waco 2002, no pet.) (where appellant did not pursue appeal, did not appear at abatement hearing, and trial court found appellant abandoned appeal, court of appeals dismissed the appeal for want of prosecution). I note that the record in this proceeding already has some support for such an inference because Mary did not attend the trial or the post trial hearing.

The Court next states that they cannot conclude that "the trial judge erred by ruling that Appellant failed to comply with section 263.405(e). [citation omitted] Nevertheless, Rule of Appellate Procedure 44.3 provides that a trial court's order 'must not' be affirmed 'for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.' TEX.R.APP. P. 44.3." The Court mistakenly relies on Texas Supreme Court

cases that reversed decisions by the courts of appeals for violation of the rule of appellate procedure that clearly applied to proceedings in those appellate courts.

In this regard, it is critical to first note the scope of the appellate rules. Rule 1.1 provides,

> These rules govern procedure in appellate courts and before appellate judges and post-trial procedure in trial courts in criminal cases.

TEX.R.APP. P. 1.1. With that rule in mind, Rule 44.3 provides,

> A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

TEX.R.APP. P. 44.3. This rule of appellate procedure has no application to the trial court.

The Court specifically relies on *Higgins v. Randall County Sheriff's Office,* 257 S.W.3d 684 (Tex.2008), (*Higgins II*), in applying Rule 44.3 to this proceeding. That reliance is misplaced. In *Higgins II,* the appellant filed a deficient affidavit (meaning it did not have all of the information as required by Rule 20.1) to which no contest was filed. That no contest was filed was the key. Applying Rule 20.1, not the Family Code, the Texas Supreme Court determined that the appellate court could not dismiss the appeal due to a deficient indigency affidavit if a contest was not filed. But the Court has determined that no affidavit was filed in this proceeding, not simply a deficient one. Further, we are not addressing an appellate court's application of Rule 20.1; rather, we are addressing a trial court's application of the Texas Family Code. Thus, *Higgins II* is not applicable to this case.

The Court also purports to rely on *In re J.W.,* 52 S.W.3d 730 (Tex.2001). In *J.W.,* the appellants filed deficient affidavits in the trial court and the district clerk filed a contest to those affidavits. The appellants appeared at the hearing on the contest and were able to present more complete information about their indigent status. The trial court, however, refused to allow the appellants to amend their affidavits and sustained the contests. The court of appeals affirmed the trial court's determination on the contest and then dismissed the appeal for the failure to file the record. The Texas Supreme Court used Rule 44.3 to say that the court of appeals should have "directed" the trial court to allow the appellants a reasonable opportunity to amend the affidavits and to reconsider the contests. It is, nevertheless, critical to note that the trial court had erred by refusing to let the appellants present additional evidence of indigency at the hearing, and thus the Supreme Court determined that the court of appeals had erred in dismissing the appeal based upon the trial court's error.

We are not yet to the point of considering the disposition of this appeal; rather, we are trying to establish the procedure to review the trial court's determination. The Court has determined we need more evidence and has conjured up a procedure to get it. Whereas, I believe the procedure is to first obtain the evidence the trial court relied upon and decide if the trial court erred.

And while the holding in *J.W.* may appear to be on point, the Court's reliance on this case is nevertheless misplaced. *J.W.* was decided prior to the effective date of section 263.405, which provides for a specific procedural vehicle in which the trial court is to make an indigence determination in termination suits brought by the State, a trial court procedure which did not

exist when *J.W.* was decided. The section also provides for the way this Court is to review that determination. *See* Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008). Furthermore, the decision in *J.W.* was made prior to the amendment to Rule 20.1(d)(2) which clarified that if an affidavit of indigence *for an appeal*[2] was filed with an appellate court rather than the trial court, the appellate court clerk sets the time for the contest to be filed in the appellate court, and the appellate court has also been empowered to decide the question of the appellant's indigence. Because of that modification to Rule 20, the appellate court, in addition to the trial court, can now decide the contest on an affidavit of indigence in an appeal. Thus, when *J.W.* was decided, the proper procedure was to have the appellant's indigence determined by the trial court even if the affidavit of indigence and contest were filed with the court of appeals. The appellate court no longer needs to abate an appeal for an indigence determination, which appears to be part of the Supreme Court's concern in *J.W.*

But to review an indigence determination that was made by the trial court, which is what we are purporting to do, we need the full record the trial court relied upon before us which we still do not have in this proceeding. Ultimately, the distinction between this case and *J.W.* is that in *J.W.*, the appellants' efforts to present additional indigence evidence at the hearing were rejected by the trial court. In this case, to the contrary, the trial court asked if there was any additional evidence but was presented none.

The precedent established by the Court's holding today would mean that every time a trial court erred in a determination related to a "formal defect or irreg-

ularity in appellate procedure" we would abate the appeal and allow correction. The coming fight in the application of this new standard will be: what is appellate procedure? Are objections to evidence appellate procedure? Is a motion for new trial? Is the proceeding under Rule 306a an appellate procedure? Is an offer of proof? Is an objection to a charge an appellate procedure?

The Court also notes that we are acting contrary to the only other appellate court that has considered the issue of allowing an indigence affidavit to be filed more than 36 days after the date the termination order was signed. *See In re M.A.*, 222 S.W.3d 670, 671 (Tex.App.-Houston [14th Dist.] 2007, no pet.). In refusing to follow *M.A.*, the Court bases its holding upon an analogy to abating cases to develop a record on ineffective assistance of counsel. I find the analogy unsatisfactory. We are not abating for development of a record for ineffective assistance of counsel. That issue has not been argued by anyone. And the analogy does not fit because the time frame in which to raise an ineffective assistance of counsel claim is not specifically set out in the statute; whereas, the time frame in which to claim indigence, file an affidavit, hold a hearing, and decide the issue is specifically set out in the statute. Thus, maybe the Court should question why this Court is the first and only court to hold that the statute's deadline for filing the affidavit can be ignored.

In this regard, I also note that the Court's order is inconsistent in its discussion regarding whether an affidavit has been filed. In its conclusion and holding, the Court states we "abate this appeal and remand the cause to the trial court to allow Appellant a reasonable opportunity

---

**2.** Prior to this change, the appellate court clerk set the time for a contest if the affidavit was filed in a proceeding "other" than an appeal. *See* Tex.R.App. P. 20.1(c)(2).

to amend her indigence affidavit and to reconsider her indigence claim." But on page two, after a detailed analysis of what constitutes an affidavit, the Court determined that no affidavit had been filed. The Court goes on to state "Appellant did not file an affidavit of indigence...." Thus, in the Court's view, this is not about amending an affidavit but rather filing what constitutes one.

In the end, I would proceed to obtain the evidence the trial court's order states that it was based upon and which we are statutorily obligated to review, which is "the evidence presented [ ] at trial," and then order the attorney representing each party, including the attorney representing Mary, to brief the issues of the trial court's ruling on indigency and frivolousness pursuant to the authority expressly given to us in the Family Code. TEX. FAM.CODE ANN. § 263.405(g) (Vernon 2008) (The appellate court "may require the parties to file appellate briefs on the issues presented."). Because the Court does not, and for the reasons stated above in which I find particular portions of the Court's order in error, I respectfully dissent.

Finally, if I was going to abate this appeal to the trial court for any hearing, it would be for a determination of whether Mary had failed to diligently proceed with the appeal so as to avoid dismissal for want of prosecution by her failure to appear at the post-trial hearing, and other actions including her failure to timely communicate with her attorney. *See Bush v. State*, 80 S.W.3d 199 (Tex.App.-Waco 2002, no pet.); *Stavinoha v. State*, 82 S.W.3d 690 (Tex.App.-Waco 2002, no pet.); *Peralta v. State*, 82 S.W.3d 724 (Tex.App.-Waco 2002, no pet.).