TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00498-CV






Russell Spencer, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT

NO. 09-FL-304, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The Texas Department of Family and Protective Services (the Department) filed
a petition seeking to terminate the parental rights of Sheena Brite and Russell Spencer to their 16-month-old child, J.S. Following a bench trial, the district court found by clear and convincing
evidence that statutory grounds for termination existed and that termination was in the best interest
of the child. See Tex. Fam. Code Ann. § 161.001 (West Supp. 2009). Accordingly, the district court
terminated the parental rights of Brite and Spencer. Spencer filed a notice of appeal from the
district court's order. (1)

 The district court held a section 263.405(d) hearing to determine whether the
appeal was frivolous. See id. § 263.405(d) (West 2008). Spencer did not personally appear at the
hearing but was represented by counsel, who had timely filed a statement of points for appeal. See
id. § 263.405(b)(2). At the hearing, counsel argued that his only point on appeal was "the issue
of best interest." Specifically, counsel contended that the Department did not have a plan for the
"long-term placement" of the child. At the time of the termination trial, J.S. had been placed with
Hazel Brite, the maternal grandmother of the child, and a home study had been requested to evaluate
whether Brite would be an appropriate adoptive placement for the child. In counsel's view, Brite
would not be an appropriate placement because she was 73 years of age. Spencer's counsel did not
offer any evidence at the 263.405 hearing. The Department offered into evidence a certified copy
of the reporter's record of the termination trial, which the district court admitted.

 After hearing argument from Spencer's counsel, counsel for the Department, and the
attorney ad litem for the child, the district court found that the appeal was frivolous and, therefore,
that Spencer was not entitled to a free record on appeal. The district court also found that Spencer
"wholly failed" to file an affidavit of indigence and, therefore, "failed to establish indigence." Thus,
Spencer was also not entitled to a court-appointed attorney on appeal. 

 On September 13, 2010, Spencer was notified that his brief was overdue and that if
he failed to file a brief on or before October 4, 2010, this Court would review the record and either
issue an order requiring a brief or render an appropriate order related to the district court's indigence
and/or frivolousness findings. To date, no brief has been filed. Because of the expedited nature of
appeals from final orders terminating parental rights, we have discretion to review, without briefs,
the district court's order denying the appellant's claim of indigence and/or the court's finding that
the appeal is frivolous. See id. § 263.405(a), (g) (West 2008). We shall proceed to do so.

 We review a trial court's determinations of indigence and frivolousness for abuse
of discretion. See In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.--San Antonio 2006, no pet.)
(frivolousness); In re Smith, 70 S.W.3d 167, 168 (Tex. App.--San Antonio 2001, no pet.)
(indigence). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without
reference to any guiding rules or principles. Lumpkin v. Department of Family & Protective Servs.,
260 S.W.3d 524, 527 (Tex. App.--Houston [1st Dist.] 2008, no pet.) (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).

 An appellant claiming indigence is required to file an affidavit of indigence. See
Tex. Fam. Code Ann. § 263.405(e); see also Tex. R. App. P. 20.1(a)(2) (requiring in all civil cases
party who claims he cannot pay costs to file affidavit of indigence); In re M.A., 222 S.W.3d 670,
670-71 (Tex. App.--Houston [14th Dist.] 2007, no pet.) (explaining importance of timely filed
affidavits of indigence in parental termination cases). At the 263.405 hearing, Spencer's counsel
acknowledged that his client had not filed an affidavit of indigence. Because Spencer failed to do
so, we cannot conclude that the district court abused its discretion in finding that Spencer failed
to establish indigence. See In re A.S., 239 S.W.3d 390, 392 (Tex. App.--Beaumont 2007, no pet.).

 We now consider the district court's determination that the appeal is frivolous. 
"In determining whether an appeal is frivolous, a judge may consider whether the appellant
has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann.
§ 13.003(b) (West 2002); Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating by reference
section 13.003(b)). In other words, an appeal point is frivolous "when it lacks an arguable basis
either in law or in fact." Lumpkin, 260 S.W.3d at 527 (citing In re K.D., 202 S.W.3d 860, 865
(Tex. App.--Fort Worth 2006, no pet.)). Thus, the question in this case is whether Spencer's sole
point on appeal--that termination is not in the best interest of the child because of the Department's
plan to place J.S. with the child's 73-year-old maternal grandmother--lacks an arguable basis either
in law or fact.

 We are aware of no authority, and Spencer's counsel cited to none at the hearing,
holding that termination of parental rights is not in a child's best interest simply because the
Department plans to place the child with a person of Brite's age. Rather, there are a multitude of
factors a trier of fact may consider in determining the best interest of the child, including: (1) the
desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the
emotional and physical danger to the child now and in the future; (4) the parental abilities of
the individuals seeking custody; (5) the programs available to assist these individuals to promote
the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking
custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent
which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse
for the acts or omissions of the parent. Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976). The
supreme court has "never held that these considerations are exhaustive, or that all such
considerations must be proved as a condition precedent to parental termination." In re C.H.,
89 S.W.3d 17, 27 (Tex. 2002). Moreover, "[t]he absence of evidence about some of these
considerations would not preclude a factfinder from reasonably forming a strong conviction or belief
that termination is in the child's best interest, particularly if the evidence were undisputed that the
parental relationship endangered the safety of the child." Id.

 At the termination trial, the Department presented undisputed evidence from which
the district court could have reasonably inferred that Spencer's parental relationship with J.S.
endangered the child's safety. Dana Stanley, the CPS caseworker for the child, testified that Spencer
had admitted in a prior court appearance while this case was pending that he would test positive for
both marihuana and cocaine use. Additionally, Stanley testified that Spencer was not complying
with the terms of his court-ordered service plan, including attending individual therapy and Narcotics
Anonymous meetings, receiving a drug treatment evaluation, and staying in contact with Stanley.
Stanley explained that Spencer had not reported to her whether he was employed or whether he
had obtained stable housing, both of which were requirements of the service plan. As far as Stanley
knew, Spencer was currently living with his mother, although she had also been informed that he
might be living with his sister.

 Stanley was asked whether she believed that Spencer's drug use would place J.S.
in danger. Stanley answered in the affirmative. She added, "I don't believe that it's a matter
of drugs versus a child, I think it's the drugs with the child. I don't think that he would cease
using the drugs to have contact with the child. I think that was proven over the last year." Stanley
"absolutely" believed that if Spencer were under the influence of drugs, he would be dangerous to
a young child such as J.S. Stanley further testified that, in her opinion, termination of Spencer's
parental rights was in the best interest of the child. She explained, "I believe that [J.S.] needs
somebody who can care for him, who doesn't have a priority [sic], and I don't think [J.S.] is
Mr. Spencer's priority. I believe that activities that he participates in would endanger the child."
Stanley's opinion is supported by case law holding that a parent's drug use, unstable lifestyle,
and inability to comply with the terms of a court-ordered service plan can support a factfinder's
conclusion that termination is in the child's best interest. See, e.g., Murray v. Texas Dep't of Family
& Protective Servs., 294 S.W.3d 360, 369-70 (Tex. App.--Austin 2009, no pet.); In re M.R.,
243 S.W.3d 807, 821 (Tex. App.--Fort Worth 2007, no pet.); In re D.S., 176 S.W.3d 873, 879
(Tex. App.--Fort Worth 2005, no pet.); In re C.A.J., 122 S.W.3d 888, 893 (Tex. App.--Fort Worth
2003, no pet.).

 Spencer did not dispute any of the above testimony at the termination trial. Instead,
he focused solely on attacking the Department's post-termination plans for the child, including the
fact that the plans had not been finalized. However, there is no requirement that the Department's
plans for a child be definite prior to termination. See C.H., 89 S.W.3d at 28 ("[T]he lack of evidence
about definitive plans for permanent placement and adoption cannot be the dispositive factor;
otherwise, determinations regarding best interest would regularly be subject to reversal on the sole
ground that an adoptive family has yet to be located."). "Instead, the inquiry is whether, on the entire
record, a factfinder could reasonably form a firm conviction or belief that termination of the parent's
rights would be in the child's best interest--even if the agency is unable to identify with precision
the child's future home environment." Id.

 In this case, the Department presented evidence regarding its plans for the child from
which the district court could have reasonably formed a firm belief or conviction that termination
was in the best interest of the child. Hazel Brite, the Department's proposed placement and the
child's maternal grandmother, testified that J.S. was currently living with her and that she
would "love" to adopt the child. Brite also explained that her youngest and oldest daughters had
expressed a willingness to help raise the child if Brite ever became disabled because of her age.
There is nothing in the record to suggest that Brite was incapable of taking care of the child, that
there had been any danger to the child while he was in Brite's care, or that the child's needs were not
being met while in her care.

 Additionally, Billie Spencer, the paternal grandmother of J.S., testified that she also
wanted to adopt the child. According to Spencer's counsel, Billie was approximately twenty years
younger than Hazel, although her age was never specified in the record. J.S. had been placed in
Billie's care from July 2009 until January 2010, and in Hazel's care since April 2010, (2) and the record
supports a finding by the district court that either grandparent would have been a suitable placement
for the child. As counsel for the Department explained during the 263.405 hearing,


So we have not only one plan in place, but a contingency plan if Ms. Brite is not able
to care for this child or does not pass an adoption home study.


Obviously, with any child . . . where parental rights are terminated, the Department's
first goal is to try and put them with family members. And we have two active
family members who have been involved in this child's life for the past year and who
have been involved in the direct care of this child over the past year willing and able
to step up and adopt this child.



Counsel for the Department added that the decision to terminate the mother's parental rights had
not been made until a month prior to the termination hearing. Given that short time frame, counsel
argued, the Department's plans were sufficient:

In one month's time the Department set up two plans for the child that look like they
may be able to go through and that there's no evidence that the people would not be
able to take care of him. It's clear there's a plan in place. The plan is not definitive
yet, but . . . in a month's time it's as definitive as it can be.


 The attorney ad litem for the child, who was also present at the 263.405 hearing,
agreed with the Department's assessment:


I would . . . state on the record as [J.S.]'s attorney ad litem and guardian ad litem in
this case that [the current] placement [with Brite] is meeting his needs. There [were]
no concerns about the safety or welfare of the child. [Brite] did indicate that she
would comply with the Court's order with regards to the mother's access and
visitation with the child. [I] have no reason to believe that was being violated.


So I do believe that--that plan was in place and in the best interest of the child.



 In summary, the evidence concerning Spencer's drug use, unstable lifestyle, and
failure to comply with the court-ordered service plan was undisputed, there was evidence presented
that the Department was planning on placing J.S. with relatives who had cared for the child in the
previous year and who wanted to adopt him, and there was no evidence presented that the
Department's proposed placement or alternative placement for the child were unsuitable in any way. 
On the above record, we cannot conclude that the district court abused its discretion in finding that
Spencer's sole point on appeal did not present a substantial question for appellate review. Spencer's
contention that termination of his parental rights was not in the best interest of the child has no
arguable basis in law or fact.



 We affirm the district court's order terminating Spencer's parental rights.



 

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: December 31, 2010






 
1. Brite is not a party to this appeal.
2. In the intervening months between January and April 2010, J.S. had been placed with his
mother, who was at that time participating in a drug treatment program. The mother was unable to
successfully complete the program and had continued using drugs, which was one of the reasons the
Department had sought to terminate her parental rights.