**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Lisa Welcome v. Texas Roadhouse, Inc.

Appellate case number:   01-12-00317-CV

Trial court case number:  2009-13776

Trial court:                     80th District Court of Harris County

On July 2, 2012, appellant, Lisa Welcome, filed an affidavit of indigence in the trial court in the above-referenced appeal.[1]  *See* TEX. R. APP. P. 20.1(a).  On July 10, 2012, the appellee, Texas Roadhouse, Inc., timely filed a contest to the affidavit.  *See* TEX. R. APP. P. 20.1(e). Therefore, the trial court was required to either conduct a hearing or sign an order extending the time to conduct the hearing by July 20, 2012.  *See* TEX. R. APP. P. 20.1(i)(2).  Further, to properly sustain the contest, the trial court was required to sign an order sustaining the contest within the prescribed period for the hearing.  *See* TEX. R. APP. P. 20.1(i)(4).  The clerk's record does not reflect that the trial court signed an order extending the period for the hearing or ruled on the contest by July 20, 2012.  *See id.*  Accordingly, the allegations in the affidavit are deemed true, and appellant is entitled to proceed without advance payment of costs.  *Id.*

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs.

It is further **ORDERED** that the District Clerk file with this Court, within 30 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(k).

It is further **ORDERED** that the Court Reporter file with this Court, within 30 days of the date of this order and at no cost to appellant, the reporter's record.  *See id.*

---

[1]     Appellant also filed purported affidavits of indigence on April 10, 2012 and May 9, 2012, but neither of the previous documents invoked Rule of Appellate Procedure 20.1.  *See* TEX. R. APP. P. 20.1(a)(2)(A); *see also* TEX. GOV'T CODE ANN. § 312.011(1) (West 2005); *In re B.N.*, 303 S.W.3d 16, 18 (Tex. App.—Waco 2009, no pet.); *Smith v. Hayes*, 597 S.W.2d 488, 489 (Tex. Civ. App.—Fort Worth 1980, no writ).

Appellant's brief is **ORDERED** filed with this Court within 30 days after the later of the date the clerk's record is filed or the date the reporter's record is filed. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 30 days after the date the appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: /s/ Justice James Sharp, Jr.

          ☑ Acting individually    ☐ Acting for the Court

Date: August 27, 2012