**Roger WU, Individually and d/b/a Resource Leasing and Charter Auto Leasing & Rental, Inc., Appellants,**

v.

**STAR HOUSTON, INC., d/b/a Star Motor Cars, Appellees.**

No. 10–01–358–CV.

Court of Appeals of Texas, Waco.

May 1, 2002.

Frederick Wilson, R. Tate Young, Houston, for appellants.

John L. Arellano, Arellano & Associates, Houston, for appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER ON REHEARING

PER CURIAM.

We dismissed this appeal for want of prosecution on February 27, 2002 after Appellants failed to respond to our notice that the clerk's record had not been filed. Appellants ask this Court to set aside the dismissal and reinstate this appeal on the Court's docket because counsel misunderstood the Court's prior notice as referring to the reporter's record (which was promptly filed thereafter) rather than the clerk's record. We will grant the request.

The confusion in this appeal stems in part from the fact that, unbeknownst to this Court, Appellants retained other counsel, R. Tate Young, to represent them on appeal. All notices which the Court had mailed up to the issuance of the opinion and judgment went to Appellants' trial counsel Frederick K. Wilson. We notified Wilson by letter dated January 23, 2002 that the appeal would be dismissed for want of prosecution if Appellants did not make arrangements for the filing of the clerk's record. *See* TEX.R.APP. P. 37.3(b).

After the clerk's record was not filed within the time allowed by the January 23 notice, we dismissed the appeal for want of prosecution. We mailed a copy of the opinion of dismissal to Wilson. Thereafter, the reporter's record was filed on March 5. Young tendered "Appellants' Expedited Motion to Vacate Memorandum Opinion and to Reinstate Case on the Court's Docket" for filing on March 21.[1]

Because the time for filing a motion for rehearing had already run Young also filed an unopposed request for an extension of time to file the motion for rehearing under Rule of Appellate Procedure 4.5. *Id.* 4.5. Young explained in this motion that he did not receive notice of judgment until the court reporter called him on March 18 and told him about it. We granted this extension request on April 3, and filed the motion for rehearing. We requested a response from Appellee Star Houston, Inc. the following day.

Young explains his misunderstanding regarding our January 23 warning letter as follows:

1. We have determined to treat this pleading as a motion for rehearing and refer to it as such hereinafter.

Undersigned counsel did receive a copy of the letter from Mr. Wilson. However, Appellants' undersigned counsel must have read the letter thinking the Court was referring to the *Reporter's Record* and not the Clerk's Record. It was undersigned counsel's understanding that the court reporter had obtained an extension of time to file the Reporter's Record. Thus, undersigned counsel did not believe any further action on his part was necessary.

Young also alleges that "Appellants have already taken steps to obtain, and have filed, the Clerk's Record so as to proceed with this appeal."

Star Houston responded to Appellants' motion for rehearing on April 16. Star Houston asks that we deny the motion for several reasons, including: (1) the Clerk's Record has yet to be filed; and (2) Appellants have never filed a motion to substitute counsel as required by Rule of Appellate Procedure 6.5(d). *Id.* 6.5(d).

We dismissed this appeal because of Appellants' failure to have the Clerk's Record timely filed. Rule of Appellate Procedure 35.3(c) provides in pertinent part, "The appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault." *Id.* 35.3(c). Rule 37.3(b) similarly provides:

(b) *If No Clerk's Record Filed Due to Appellant's Fault.* If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may—on a party's motion or its own initiative—dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court

must give the appellant a reasonable opportunity to cure before dismissal. *Id.* 37.3(b).

The district clerk's failure to file the clerk's record in this appeal occurred primarily because of Young's failure to file a proper motion for substitution of counsel and his failure to pay the clerk's fee for preparation of the record. Based on the authorities cited, this Court clearly had the authority to dismiss this appeal for want of prosecution. *Id.* 35.3(c), 37.3(b).

Nevertheless, the Supreme Court adopted the current appellate rules as a part of its continuing efforts "to see cases decided on the merits instead of on procedural grounds." John Hill Cayce, Jr., et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L.REV. 867, 873 (1997) (quoting John Cornyn, III, *Foreword* to John Hill Cayce, Jr., *Preserving Error on Appeal: A Practical Guide for Civil Appeals in Texas*, 23 ST. MARY'S L.J. 11, 12 (1991)); *accord Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 & n. 91 (Tex. 2001) ("In the past we have tried to ensure that the right to appeal is not lost by an overly technical application of the law.") (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex.1997) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.")). To this end, we grant Appellants' motion for rehearing.

We withdraw our opinion and judgment dated February 27, 2002. Appellants are directed to file a proper motion for substitution of counsel, pay the clerk's fee for preparation of the record, and notify this Court in writing that they have paid the fee within ten days after the date of this Order. Should they fail to comply, they

are hereby notified that the Court may dismiss this appeal for want of prosecution and for failure to comply with the Court's order. *See* TEX.R.APP. P. 37.3(b), 42.3(c), 44.3.

(Justice GRAY dissented with the following note: "Because counsel has on two separate occasions represented to this court that the clerk's record had been filed, when in fact it still has not been filed, I would deny the motion for rehearing.")