ACCEPTED
12-15-00148-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/30/2015 7:23:49 PM
CATHY LUSK
CLERK

NO. 12-15-00148-CV

\*\*\*

IN THE COURT OF APPEALS

FOR THE TWELFTH JUDICIAL DISTRICT

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/30/2015 7:23:49 PM
CATHY S. LUSK
Clerk

\*\*\*

GUY GRANTHAM

Appellant

V.

RACEFAB, INC., ET. AL.

Appellees

\*\*\*

## MOTION FOR REHEARING

\*\*\*

**TO THE HONORABLE JUSTICES OF THE COURT:**

1. The Court dismissed Grantham's appeal on July 15, 2015 for failing to make arrangements for the payment and filing of the clerk's and reporter's records.

2. Grantham then filed a motion for an extension of time to file his motion for rehearing. Grantham asserted that an extension was necessary to allow the Cherokee County Sherriff execute a writ of execution. Specifically, if it were determined that Appellees have insufficient assets to satisfy the judgment,

1

Grantham would dismiss the appeal and spare the parties and this Court the time and expense of this appeal. If there were sufficient assets to satisfy the judgment sought by Grantham, then he would pay for and file the record.

3.      Grantham requested the writ of execution on July 6, 2015. To date, the Cherokee County Sheriff, without explanation, has not executed the writ.

4.      Appellees offered no opposition to Grantham's motion for extension of time, which was his first request for an extension of time.

5.      This Court denied Grantham's motion for extension of time on July 30, 2015—the date his rehearing is due.

6.      Grantham now files this motion for rehearing and respectfully requests that the Court reinstate this case.

7.      The Supreme Court of Texas has a long–standing and unwavering commitment to the principle that appellate courts should not dismiss an appeal for harmless procedural defects. *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex. 1997); *Grand Prairie Ind. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex. 1991). The Supreme Court has instructed the courts of appeals to construe the Rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule. *Id.* (citing *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex. 1993)); *see also, Crown Life Ins. Co. v. Estate of Gonzalez,* 820 S.W.2d 121, 121 (Tex. 1991) (rules of

2

appellate procedure are to be "liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality"). In this light, the Court has consistently held that, "[a]s with any other formal defect or irregularity in appellate procedure, the court of appeals could dismiss [an] appeal for noncompliance only after allowing [the party] a reasonable time to correct this defect." *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898, 899 (Tex. 2006); *see also, Ex parte F.F.A.,* 173 S.W.3d 605, 605 (Tex. App.—Waco 2005, pet. denied) ("before we require payment of applicable filing fees under penalty of dismissal, F.F.A. should be given a reasonable opportunity to cure his defective affidavit.").

8. Here, Grantham made a reasonable request: an extension of time to file his motion for rehearing (and file the record) if it were determined that Appellees have sufficient assets to satisfy the judgment Grantham seeks in this appeal. If no such assets exist, then this appeal could be dismissed because it would be an exercise in futility. Grantham should be afforded the opportunity to correct this harmless procedural defect (not timely filing the record) that has no bearing on the merits. *See Verburgt,* 959 S.W.2d at 616–17 ("appellate rules [disfavor] disposing of appeals based upon harmless procedural defects."); *Higgins,* 193 S.W.3d at 899 ("As with any other formal defect or irregularity in appellate procedure, the court of appeals could dismiss the appeal for noncompliance only after allowing [the

party] a reasonable time to correct this defect."); *Crown Life Ins.,* 820 S.W.2d at 121 ("the decisions of the courts of appeals [should] turn on substance rather than procedural technicality.").

9. Also, courts of appeals have allowed such harmless procedural deficiencies be cured on rehearing. *See, e.g.,Atkins v. Herrera*, No. 10-13-00283-CV (Tex. App.—Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State*, No. 10-13-00310-CV (Tex. App.—Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ*, No. 10-14-00116-CV Tex. App.—Waco Aug. 14, 2014, order); *see also Reed v. Ford*, No. 10-13-00279-CV, 2013 WL 5290112, at *2, n.2 (Tex. App.—Waco Sept. 19, 2013, no pet.).

9. Further, courts of appeals have reinstated cases following dismissal for harmless procedural defects. *Roger Wu v. Star Houston, Inc.*, 110 S.W.3d 8, 10–11 (Tex. App.—Waco 2002, no pet.) (reinstating appeal following dismissal for failing to file clerk's record); *Graham v. Amegy Bank Nat'l Ass'n*, No. 14–13–00079–CV (Tex. App.–Houston [14th Dist] July 11, 2013, order) (reinstating appeal after dismissal for failing to file clerk's record and pay filing fee) (attached as Tab 1); *Jefferson v. Unity Nat'l Bank*, No. 14-14-00197-CV (Tex. App.–Houston [14th Dist.] May 29, 2014, order) (reinstating appeal following dismissal for failing to pay for and file the clerk's record) (attached as Tab 2); *Arnold v.Federal Nat'l Mortgage Ass'n*, No. 14-13-00418-CV (Tex. App.–Houston [14th

4

Dist.] August 16, 2013, order) (reinstating appeal after dismissal for failing to pay filing fee and even though reporter's fee had not been paid) (attached as Tab 3).

10.    Thus, it is proper and consistent with established precedent for the Court to reinstate the case and allow Grantham a reasonable amount of time to pay for and file the record. This case should be "decided on the merits instead of on procedural grounds." John Hill Cayce, Jr., *et al.*, *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L.REV. 867, 873 (1997).

FOR THESE REASONS, Grantham respectfully requests that the Court grant rehearing, reinstate the case, and allow him a reasonable time to pay for and file the record.

Respectfully Submitted,

THE MCCLEERY LAW FIRM

//S//Stephen E. McCleery
Stephen E. McCleery
State Bar of Texas No. 00794258
Federal Id. No. 21007
5020 Montrose, Blvd., 6th Floor
Houston, Texas 77006
Telephone   713/622-3555
Facsimile    713/224-8555
E-Mail            smccleery@mccleerylaw.com

ATTORNEY FOR APPELLANT
GUY GRANTHAM

## CERTIFICATE OF SERVICE

The below signed certifies that on this the 30th day of July 2015, the above document was served, pursuant to T<small>EX</small>. R. C<small>IV</small>. P. 21, on the last known attorney of record for all Appellees via electronic service.

//S//Stephen E. McCleery
The McCleery Law Firm

***VIA ELECTRONIC SERVICE***

Mr. R. Chris Day
Law Offices of Day & Wallace
517 East Commerce Street
Jacksonville, Texas 75766

ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT
RACEFAB, INC./THIRD-PARTY DEFENDANTS

# APPENDIX TAB 1

**Motion for Rehearing Granted; Memorandum Opinion issued April 18, 2013, Withdrawn and Dismissal Judgment Vacated; Appeal Reinstated; Order filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00079-CV
_____

**MONICA J. GRAHAM, Appellant**

**V.**

**AMEGY BANK NATIONAL ASSOCIATION, Appellee**

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 979389**

## ORDER

On April 18, 2013, this court dismissed this appeal for want of prosecution because appellant had not paid for preparation of the clerk's record. *See* Tex. R. App. P. 37.3(b). Appellant had also failed to pay the appellate filing fee. *See* Tex. R. App. P. 5. On May 2, 2013, appellant filed a motion for rehearing, stating that

payment had been made and asking the court to reinstate the appeal. The clerk's record was filed May 2, 2013. The appellate filing fee was paid on May 7, 2013. On May 6, 2013, the court requested a response to appellant's motion for rehearing. *See* Tex. R. App. P. 49.2. No response was filed.

Accordingly, we **GRANT** appellant's motion for rehearing. This court's memorandum opinion issued April 18, 2013, is **WITHDRAWN,** the April 18, 2013, dismissal judgment is **VACATED,** and the appeal is ordered **REINSTATED.**

Appellant's brief shall be due on or before **July 11, 2013.**

PER CURIAM

# APPENDIX TAB 2

**Motion to Reinstate Granted, Memorandum Opinion filed May 8, 2014, Withdrawn, Appeal Reinstated, and Order filed May 29, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-14-00197-CV**

_____

**AUBREY R. JEFFERSON, Appellant**

**V.**

**UNITY NATIONAL BANK, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1004469**

## ORDER

On May 8, 2014, this court issued an opinion dismissing this appeal for want of prosecution for failure to make arrangements to pay for the clerk's record. On May 14, 2014, appellant filed a motion to reinstate the appeal on the grounds that he has made arrangements to pay for the record. The motion is **GRANTED**.

This court's opinion filed May 8, 2014, is **WITHDRAWN**, and our judgment of that date is **VACATED.** The appeal is ordered **REINSTATED.**

The clerk's record, filed May 14, 2014, reflects that appellant's motion for reconsideration in the trial court was not timely filed; therefore, the notice of appeal is untimely. The court will consider dismissal of the appeal on its own motion for want of jurisdiction unless any party files a response on or before **June 10, 2014**, showing meritorious grounds for continuing the appeal.

PER CURIAM


Panel consists of Justices Christopher, Jamison, and McCally.

# APPENDIX TAB 3

**Motion for Rehearing Granted; Memorandum Opinion Withdrawn, Reinstated; Order filed August 16, 2013.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-13-00418-CV

————————

**WARD ARNOLD, Appellant**

**V.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, Appellee**

---

**On Appeal from the County Court at Law No 2**
**Galveston County, Texas**
**Trial Court Cause No. CV-0069239**

---

## ORDER

On July 18, 2013, this court dismissed this appeal because appellant had not paid the appellate filing fee and did not respond to this court's notices and order. *See* Tex. R. App. P. 42.3(c) (allowing

involuntary dismissal of case because appellant has failed to comply with a court order).

On July 19, 2013, appellant paid the fee and filed a motion for rehearing asking that we reinstate the appeal. Appellee filed a response in opposition to the motion.

Because the filing fee has now been paid, we **GRANT** the motion for rehearing, order our opinion of July 18, 2013, **WITHDRAWN,** our judgment of that date **VACATED,** and the appeal **REINSTATED.**

The reporter's record has not been filed in this appeal. On June 24, 2013, the court reporter, Jana Fowler, advised this court that appellant had not paid for preparation of the record. Unless appellant pays for preparation of the record and provides this court with proof of payment on or before **September 3, 2013,** the court will order appellant to file a brief without the record. *See* Tex. R. App. P. 37.3(b).

PER CURIAM

2