

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-20-00226-CV
07-20-00271-CV
07-20-00320-CV
07-20-00321-CV
07-20-00345-CV
07-20-00346-CV
07-20-00347-CV
07-20-00348-CV

## IN THE ESTATE OF WILLIAM LOUIS SUROVIK, JR., DECEASED

On Appeal from the 335th District Court
Burleson County, Texas
Trial Court No. 28,825, Honorable Carson T. Campbell, Presiding

April 29, 2021

## ORDER

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

These above-listed matters involve disputes in litigation over the estate of William Louis Surovik, deceased. Appellant Richard J. Surovik has brought multiple appeals, which is possible in probate proceedings. *Brittingham-Sada de Ayala v. Mackie*, 193

S.W.3d 575, 578 (Tex. 2006). On December 21, 2020, we consolidated the appeals for briefing purposes only.[1]

After Appellant failed to present a clerk's records for case numbers 07-20-00345-CV, 07-20-00346-CV, 07-20-00347-CV, and 07-20-00348-CV, we dismissed those appeals on March 9, 2021, for want of prosecution.[2] *See* TEX. R. APP. P. 37.3(b), 42.3(b). Appellant now files motions for rehearing of case numbers 07-20-00345-CV, 07-20-00346-CV, 07-20-00347-CV, and 07-20-00348-CV to offer an explanation for his failure to obtain clerks' records in those appeals.

As a part of her response to Appellant's motions for rehearing, Appellee Sara Jayne Wolz filed independent challenges to our appellate jurisdiction in case numbers 07-20-00345-CV and 07-20-00348-CV, arguing that no final judgment or otherwise appealable order had been signed before Appellant filed a notice of appeal.

Also before the Court is Appellant's motion for additional time to file his appellate brief in case numbers 07-20-00226-CV, 07-20-00271-CV, 07-20-00320-CV, and 07-20-00321-CV.

The Court grants rehearing for the reasons set forth in this order, and orders the following:

---

[1] *See In re Estate of Surovik,* Nos. 07-20-00226-CV, 07-20-00271-CV, 07-20-00320-CV, 07-20-00321-CV, 07-20-00345-CV, 07-20-00346-CV, 07-20-00347-CV, 07-20-00348-CV, 2020 Tex. App. LEXIS 10160 (Tex. App.—Amarillo Dec. 21, 2020, per curiam order).

[2] *See In re Estate of Surovik,* Nos. 07-20-00345-CV, 07-20-00346-CV, 07-20-00347-CV, 07-20-00348-CV, 2021 Tex. App. LEXIS 1743 (Tex. App.—Amarillo Mar. 9, 2021, no pet.) (per curiam) (mem. op.).

1. We find good cause exists to reinstate the appeals in case numbers 07-20-00346-CV and 07-20-00347-CV. *See Blair v. Blair*, No. 08-19-00304-CV, 2020 Tex. App. LEXIS 5820, at *2 (Tex. App.—El Paso July 27, 2020, no pet.) (mem. op.) (finding good cause to reinstate appeal previously dismissed for failure to pay filing fee). Therefore, we grant Appellant's motion for rehearing, withdraw our opinion of March 9, 2021 and judgment, and reinstate these appeals. Appellant shall file with the clerk of this Court written proof of payment for the clerk's record within ten days of this order. If proof of payment of the clerk's record is not timely filed, the corresponding appeal will be dismissed for want of prosecution or for failure to comply with the requirements of this order. *See Wu v. Star Houston, Inc.*, 110 S.W.3d 8, 10-11 (Tex. App.—Waco 2002, no pet.) (per curiam) (op. on reh'g); TEX. R. APP. P. 37.3(b); 42.3(b),(c).

2. While probate disputes may result in appeals following multiple "phases," not every decision is immediately appealable. *See Brittingham-Sada de Ayala*, 193 S.W.3d at 578. We agree with Appellee that no appealable order has been signed in case numbers 07-20-00345-CV and 07-20-00348-CV; Appellant has been unable to provide proof of a final, appealable order. Because we lack appellate jurisdiction in these cases, we withdraw our opinion of March 9, 2021 and judgment, and dismiss case numbers 07-20-00345-CV and 07-20-00348-CV. TEX. R. APP. P. 42.3(a).

3

3.  For the remaining six appeals,[3] Appellant's consolidated brief shall be filed on or before June 10, 2021. Barring the presence of extraordinary circumstances, further extensions to Appellant shall be denied. In his consolidated brief, under a jurisdictional heading, Appellant shall provide a pinpoint citation, for each case, to the correct volume of the clerk's record where the challenged order is located.

It is so ordered.

Per Curiam

---

[3] *I.e.,* case numbers 07-20-00226-CV, 07-20-00271-CV, 07-20-00320-CV, 07-20-00321-CV, 07-20-00346-CV, and 07-20-00347-CV.